* Welles, J.
 

 — By the assignment from Bell to -* Garread, of March 14th, 1842, it was intended to transfer to and vest in the latter, the right and interest of the former in and to all the bills which might thereafter become due to him, from the corporation of the city of New York, for job-printing, paper or stationery, done or furnished by Bell, either before or after the date of the assignment, to the amount of $1500 ; subject to the two prior assignments, to Lloyd & Hopkins, and to Coit. By the assignment from Garread to the respondent of April 28th, and the release from the former to the latter, of December 27th, 1842, the latter acquired all the right and interest of the former in the first assignment.
 

 The case shows, that at the time of the commencement of the suit in the court of chancery, bills of the description mentioned *had become due from the cor- -* poration to Bell, to an amount more than sufficient to satisfy all three of the assignments. These bills appear to have accrued, and most of the services and materials upon which they arose, appear to have been rendered and delivered, after the date of the assignment from Bell to Garread.
 

 One of the questions presented by this appeal, is, whether the court of chancery had jurisdiction to decree payment by the corporation of the city of New York, to the respondent, of his claim. That it had such jurisdiction seems to be in accordance with reason, and the theory of equity jurisprudence.
 

 I. The assignment of Bell to Garread was valid and operative as an agreement, by which Garread and his assigns became entitled to receive payment of the bills in question, when the same should become due, to the
 
 *179
 
 amount indicated in the assignment, subject to the two prior assignments. It did not operate as an assignment
 
 in prmsenti
 
 of the choses in action, because they were not in existence, but remained in possibility merely. A possibility, however, which the parties to the' agreement expected would, and which afterwards did, in fact, ripen into an actual reality; upon which, by force of the agreement, an equitable title to the benefit of the bills thus mature and due, became vested in the respondent, as assignee of Garread. (Story’s Eq. Jur. §§ 1040,1040
 
 b,
 
 1055;
 
 Mitchell
 
 v.
 
 Winslow,
 
 2 Story’s Rep. 630;
 
 Langton
 
 v.
 
 Horton,
 
 1 Hare 549.)
 

 It is contended by the counsel for the appellants, that the assignment of Bell to Garread did not pass any interest which was the subject of an assignment, for the reason, that there was no contract, at the time, between Bell and the corporation of the city, by which the latter was under any binding obligation to furnish the former with job-printing, or to purchase of him paper or stationery; and that, therefore, the interest was of too uncertain and fleeting a character to pass by assignment. There was indeed no present, actual, potential existence of the thing to which the assignment or grant related, and, therefore, it could not, and did not, operate,
 
 go instanti,
 
 to pass the claim which was expected - ^thereafter to accrue to Bell against the corporation ; but it did, nevertheless, create an equity, [*187 which would seize upon those claims as they should arise, and would continue so to operate, until the object of the agreement was accomplished. On this principle, an assignment of freight to be earned in future, will be upheld, and enforced against the party from whom it becomes due. (Story’s Eq. Jur. § 1055, and authorities there cited;
 
 Langton
 
 v.
 
 Horton,
 
 and
 
 Mitchell
 
 v.
 
 Winslow, supra;
 
 Story on Bailments § 294.) Whatever doubts may have existed heretofore on this subject, the better opinion, I think, now is, that courts of equity will sup
 
 *180
 
 port assignments, not only of choses in action, but of contingent interests and expectations, and of things which have no present actual existence, but rest in possibility only, provided, the agreements are fairly entered into, and it'would not be against public policy to uphold them. Authorities may be found, which seem to incline the other way, but which, upon examination, will be found to have been overruled, or to have turned upon the question of public policy.
 
 [1]
 

 II. A bill in equity was the proper remedy for the respondent in this case, for the following reasons: 1. The nature of the claim is one peculiarly of equitable cognisance. It was an equity only, in relation to things not yet in possession, or in being, in the nature of a lien, which must be enforced through judicial process, before it could be enjoyed, and must, therefore, of necessity, be adjudicated in a court of equity. If the claims of Bell against the city had accrued, and been in being, at the time of the assignment, and the assignment had been of any specific entire claim, and perhaps, if it had been of all claims then due from the city to Bell, the remedy of Garread, his assignee, might, and, perhaps, in general, must, have been at law. But all the cases where the contract has been in relation to things not in existence at the time, and which were in expectancy and possibility merely, show that their adjudication belongs exclusively to a court of equity. 2. But it seems to me, that in this case, independently of the preceding considerations, there were insuperable difficulties in the way of sustaining an action at law. Such action must necessarily *have been brought in the name of J Bell, who had no interest, until after all three of the assignments should be satisfied, of which the one to Garread was the last in the order of time, and was not to be satisfied, until the others were provided for. I
 
 *181
 
 am aware, that as a general role, the assignee of a chose in action may use the name of the assignor, in an action at law to recover the amount; but it seems to me, that the rule should be confined to cases, where the whole of an entire demand is assigned to one person or party. Suppose A. has an entire demand of $1000 against B., and assigns to C. $100, to D. $100, and to E. $100, out of the $1000. Which of the three assignees shall institute an action against the debtor ? Suppose we say C. shall have the right, how much shall he recover ? Shall it be the $1000 ? Clearly, it must be that, or the residue will be gone, because the demand cannot be split and several actions sustained for the several parts assigned. But C. has no right, nor is he bound to litigate in relation to the parts assigned to D. and E., or that part not assigned at all. Here would be four parties, having separate and distinct interests, one having as good right to commence an action, to discontinue it, and to direct in relation to it, as the. other; and in case of disagreement, who is to decide? In the case at bar, the plaintiff had no right to sue in Bell’s name, for what was to be paid under the first two assignments, nor for what would be going to Bell, after all three were paid; and he could not carve out just $1500, and the interest upon it, from the demands due from the city to Bell, without splitting entire demands, which cannot be done.
 
 (Smith
 
 v.
 
 Jones,
 
 15 Johns. 229 ;
 
 Guernsey
 
 v.
 
 Carver,
 
 8 Wend. 492 ;
 
 Stevens
 
 v.
 
 Lockwood,
 
 13 Id. 644; Story’s Eq. Jur. §1250.)
 
 [2]
 

 III. Notice of the respondent’s rights was given to the comptroller of the city of New York before any payments were made by the city, of the bills in question;; and the counsel for the city claim that the bills in question have all been paid, either to Bell, or to persons to whom he assigned them, other than the plaintiff; and
 
 *182
 
 insist, that the corporation should be protected in such payments, on the ground that the notice to the comp- * 189 1 *ro^er was no* n0^ce *to the corporation. To -* this the counsel for the respondent answers, 1st, that no such defence is taken in the answer put in by the corporation; and 2d, that the notice to the comptroller was good notice to the city. Both these grounds, I think, are good, and either forms a sufficient answer to the position assumed by the counsel for the city. 1. Payment of the claims to any one was not alleged in the answer; it was a distinct independent ground of defence and should have been set up. 2. But if otherwise, the notice to the comptroller was sufficient.
 

 The 22d section of the act to amend the charter of the city of New York (Laws of 1850, c. 122) provided, that the executive business of the corporation should thereafter be performed by distinct departments, which it should be the duty of the common council to organize and appoint for that purpose. On the 14th of May 1849, the common council passed an ordinance, entitled an “ ordinance concerning the department of finance.” By § 1 of tit. 1 of that ordinance, it is provided, that “ there shall continue to be an executive department, under the denomination of ‘ the department of finance.’ ” By § 4, of the same title, the “chief officer of the department shall be called 'The Comptroller of the city of New York,’ and shall have the superintendence of the same.” Section 4 of title 2, defines the duty of the comptroller; by sub. 6 of that section, he is “ to superintend all officers of the corporation, who shall receive or disburse the public moneys of the city, or who are charged with the management or custody of its funds.” By other provisions of the ordinance, the comptroller is to settle and adjust all claims and demands whatsoever, by or against the corporation (tit. 1, § 3); all warrants on the treasury are to be signed by him, &c. (§ 6); he is to countersign bonds, &c. (§ 8); to examine, audit, adjust and settle all
 
 *183
 
 accounts in which the corporation is concerned, &c. (tit. 2, § 4, sub. 8); to draw and sign warrants on the chamberlain for moneys, &c. (sub. 9 of last §).
 

 The notice of the respondent’s claims in this case, as appears from the evidence, was served upon the comptroller, while in his ^office, engaged in the duties ;|. thereof, and was beyond all doubt sufficient. *- (Angel & Ames on Corporations 247.)
 
 [3]
 

 Upon all the points raised upon the argument, therefore, I am of the opinion, that the judgment of the supreme court ought to be affirmed.
 

 Decree affirmed.
 

 [1]
 

 See Hall
 
 v.
 
 Buffalo, 1 Keyes 193; Stover
 
 v.
 
 Eycleshimer, 3 Ibid. 620; People
 
 v.
 
 Dayton, 50 How. Pr. 143; McClure
 
 v.
 
 McClure, 1 Phila. 117.
 

 [2]
 

 The assignment of a portion of v.n indivisible claim passes no right of action: Mulford
 
 v.
 
 Hodges, 10 Hun 79. See Miller v. Insurance Co., 5 Phila. 12.
 

 [3]
 

 And see Hall
 
 v.
 
 Buffalo, 1 Keyes 193.