By the Court.—Robinson, J.
[After stating the above facts.]—The alleged transfer was not in writing, nor was any evidence of the claim or demand against the government accepted or received by the plaintiff, nor (so far as I can discover from the testimony) was any part of the purchase money then or at any time paid-, as required by the statute of frauds (2 Rev. Stat., 136, § 3). The transaction, as testified to, was entirely by parol, and no act was shown confirmatory of the contract. Error occurred on the trial and in rendering the judgment.
First. In denying the defendant’s counsel the right, *245 on cross-examination, to elicit what transpired in the conversation that occurred when the transfer was alleged to have been made. To the inquiry of plaintiff, then on the witness stand, “What then took place?” he answered, “I told Mr. O’Brien that I should expect a full settlement at the end of the month.” Q. “ What did Mr. O’Brien say to you ? ” A. “ He admitted that he would settle. I s^w him in my office.” Q. “What did he say to you whén he came in ? ” A. “ He said that was all he could give me, five dollars ; next he said that was the best he could do. That was on the sale of the month previous.” Q. “ What did Mr. O’Brien say to you, and what did you say to "him, when the transaction took place with regard to the alleged sale of the salary as inspector in the custom house ? ”
Objected to ; ruled out; exception.
The effort of the defendant to elicit from the plaintiff the basis of his claim was futile, as his questions were evaded, and that 'directly pointing to the very transaction in dispute was excluded by the justice.
This was manifest error.
Secondly. He also erred in refusing to dismiss the case “on the ground that according to the plaintiff’s evidence h,e does (did) not make out a conversion of the money of the defendant according to the rule of law.
1st. No title by sale was proven, within the statute of frauds (3 Rev. Stat., 136, § 3, subd. 3 and 3).
Snd. If shown, it was only of a joint interest or share, but not of any moneys exclusively belonging to the plaintiff and received by the defendant as his agent. At most, he would have a right to participate pro rata in any moneys collected for the month’s salary, and to an account; or to recover as for violation of an executory contract to collect the whole, and pay plaintiff his proportion, in respect to which, in neither aspect, could any claim for conversion of moneys received in a fiduciary capacity be sustained.
*246 Thirdly. The alleged sale, by the defendant of his salary as a public officer previous to its having been earned, was void as against public policy, for the reason that such an act tends to diminish the responsibility, independence and integrity of the officer, and impair that singleness of purpose which his duty exacted.
So much of the doctrine of the English courts on this subject as is founded on con'siderations of upholding the dignity of the government or the State, or respectability of office growing out of the wealth or station of the officer, is undoubtedly inapplicable either to our condition of society or to any public policy incident to the simple forms and requirements of a republican government. That neither requires or recognizes any such aids to its dignity or estimation. It only exacts from its officers an honest and faithful devotion to the performance of their duties.
But, notwithstanding the difference in our government from that of England, from which we mainly derive our laws, and adopt, as by inheritance, the principles of justice that had there been recognized and established previous to our coming into existence as a nation, there yet remains in the considerations that influence the English courts in condemning the sale of the salary of a public officer, while accruing or before it became due, the important one first above stated, that it tends to impair the efficiency of the officer, by diminishing Ms interest in the performance of his duties, and rendering him, to a great extent, the mere slave or servant of his creditor or assignee, in working out a past debtor obligation.
In private transactions, wages or other benefits expected to be earned Or realized under a subsisting employment or course of dealing may be assigned (Crouch v. Martin, 2 Vt., 595 ; Thayer v. Kelley, 28 Id., 20 ; Hartley v. Tapley, 2 Gray, 567 ; Taylor v. Lynch, 5 *247 Id., 49 ; Field v. Mayor, &c. of New York, 6 N. Y., 179), but not such as are entirely indefinite and in expectancy under some possible future contract (Emery v. Lawrence, 8 Cush., 151 ; Mulhall v. Quinn, 1 Gray, 105 ; Munsell v. Lewis, 4 Hill, 635).
A pension or salary accrued for past services maybe assigned, but, on grounds of public policy, one made or allowed to secure to the State the performance of future services or duties is inalienable (Flarty v. Odlum, 3 Term R., 681 ; Stone v. Lidderdale, 2 Anst., 533 ; Davis v. Duke of Marlborough, 1 Swanst., 79 ; Cooper v. Reilly, 2 Sim., 590 ; Palmer v. Bate, 2 Brod. & B., 673 ; Hill v. Paul, 8 Cl. & F., 307 ; Story Eq. Jur., § 294, 1040, d to f; 1 Pars. on Cont., 194) ; it being contrary to the public policy of the law, that a stipend to one man for future services, should be transferred to another, who could not perform them ’ ’ (Barwick v. Read, 1 H. Bl. 627), “ the reward being a consideration for some continuing duty or service ” (Wells v. Foster, 8 Mees. & W., 148) ; and as Lord Alvanley, Ch. J., says in Arbuckle v. Cowtan (3 Bos. & P., 328) : “It is now clearly established that the half pay of an officer is not assignable, and unquestionably any salary paid for the performance of a public duty, ought not to be perverted to other uses than those for which it is intended.” This principle, accepted and adopted by Judges Story and Parsons, in their elementary treatises, I do not find innovated upon by any decisions of any courts of the United States except that in Brackett v. Blake (8 Metc., 335), it was held in a contest between creditors, such an assignment of the salary of a city officer would prevail as against an attachment by a creditor, after it became due; and in State Bank v. Hastings (15 Wis., 75), where it was held by a divided court, that such an assignment of the accruing salary of a judge was valid, notwithstanding Ms subsequent revocation or repudiation of the author *248 ity he had given for its collection by the assignee. In this case the prevailing opinion assumes that the doctrine of the English cases “was not applicable to the condition of society or to the principles of law or of public policy in this country,” and this was the reason assigned for disregarding them.'
This conclusion is erratic and unsatisfactory, and furnishes no substantial ground for rejecting the authority of the long line of decisions referred to, that establish the invalidity of the assignment of the accruing salary of a public officer as against public policy, for the just and considerate reasons above stated. But,
Fourthly. The alleged transfer was in contravention of the policy and within the prohibition of the act of Congress of February 26, 1853 (10 Stat., 170 ; Dunlap L. U. S., 1367 ; 1 Bright., 132), which declares any transfer of any claim upon the United States, or any part or share therein absolutely null and void, unless the same shall be freely made and executed in the presence of at least two attesting witnesses; after the allowance of such claim, the ascertainment of the amount due and the issuing of a warrant for the payment thereof.
The right to collect the monthly salary of an officer under the United States government can only accrue upon the occurring of some of these circumstances or conditions of its payment, and any assignment in anticipation thereof is declared wholly void.
The subject of the salary of its officer is entirely within the control of such laws as Congress may pass in relation thereto, and full force must be given to its enactments, without regard to such principles of the common law as might prevail in respect to assignment of private claims or demands.
For these reasons the judgment should be reversed.
All the judges concurred.
Judgment accordingly.