### BERAN *v.* TRADESMEN'S NAT. BANK *et al.*

*(Supreme Court, General Term, First Department. July 18, 1890.)*

1. ASSIGNMENT—RIGHTS OF ASSIGNEE.

An assignment by D. of a portion of a claim against a bank, after stating that a suit was pending against the bank for the entire claim, provided that the suit was to proceed to final judgment in the name and at the expense of D., and that the sum

assigned should be paid to the assignee immediately upon the payment or settlement of the claim by the bank. The instrument then conferred authority upon the attorney of D. conducting the suit, or whoever should act for D. in the settlement, to pay to the assignee, immediately upon the receipt of the money, the amount assigned. *Held* that, notice of the assignment having been given, the assignee could maintain an action directly against the bank for his part of moneys paid by it to D. in settlement of the claim, the assignee not having consented that such portion should first go into the hands of D.

**2. SAME.**

A payment of money by the bank on the claim to buy its peace, by reason of which the suit was discontinued, was a settlement, within the meaning of the assignment.

Appeal from circuit court, New York county.

Action by Joseph Beran against the Tradesmen's National Bank, impleaded with Michael Duffy. Judgment was given dismissing the complaint on the merits, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Henry Thompson,* for appellant. *William W. Niles,* for respondent.

BARTLETT, J. In May, 1880, the defendant Michael Duffy was suing the Tradesmen's National Bank to recover about $40,000. The bank disputed the claim. On May 27, 1880, Duffy executed and delivered to one Adolph Klaber an assignment of the claim to the extent of $10,000. On June 7, 1880, Klaber assigned to the plaintiff the interest in the claim which he had acquired by virtue of the assignment from Duffy. Shortly afterwards, in the same month, the plaintiff duly notified the bank and the attorneys for Duffy of both these assignments, and informed them that, upon any payment or adjustment of the claim, the sum of $10,000 was to be paid to the plaintiff, and upon his receipt. In October, 1882, while the action to enforce the claim was still pending, the bank paid Duffy $6,000; whereupon the suit was discontinued. The present action is brought to recover the $10,000 interest in Duffy's claim against the bank, which was conveyed by Duffy to Klaber, and subsequently by Klaber to the plaintiff. The complaint was dismissed on the merits, at the conclusion of the trial at special term, and the plaintiff has appealed.

The record presents only two points which require discussion. The first relates to the construction which the court below has put upon the assignment from Duffy to Klaber. By that instrument Duffy transferred to Klaber his claim and demand against the Tradesmen's National Bank to the extent of $10,000, which claim was stated to be then in suit in the supreme court. The assignment further provided as follows: "The said suit is still to proceed in my name, and at my expense, to final judgment or settlement, and without any charge or expense to said Klaber. If I recover from said bank or compromise my claim against said bank for a sum less than $34,000, then said Klaber is to accept the sum of $9,000 in full payment and discharge of said claim for the sum of $10,000, and of all his claims and demands now in suit against me. The said sum so assigned by this instrument to said Klaber shall be paid to him immediately upon the payment or settlement by said bank, and I authorize and empower my attorney, who is conducting said suit, or whoever may act for me on the settlement or payment by said bank, to pay to said Klaber, immediately upon the receipt of said money, the amount due and assigned to him by and under this assignment."

In construing the language above quoted, the learned trial judge found that the intent and meaning of the said assignment was that not Klaber, but Duffy or his agents, should in the first instance receive whatever might be paid by the bank, and that it should then immediately be turned over to Klaber. The view of the court seems to have been that the terms of the instrument precluded any payment by the bank directly to Klaber, and hence that the plaintiff, whose rights are no greater than Klaber's, could not compel the bank to pay him, but that his only claim, if he had any under the assign-

ment, was against Duffy. The trial court also found that the payment of the $6,000 to Duffy was made solely to buy the bank's peace, and to avoid further litigation and the expense thereof, and that in paying the said sum the bank did not admit that anything was owing upon Duffy's claim. The appellant assails the correctness of the construction put upon the assignment from Klaber to Duffy, and asserts that there is no evidence to sustain the finding that the sum of $6,000 was paid to Duffy only to buy the bank's peace. If the assignment had not contained the fourth paragraph which is found in that instrument, there could be no doubt that upon the principles applicable to equitable assignments it would have entitled Klaber to receive directly from the bank a portion of any payment made in settlement of Duffy's claim, after notice of the assignment had been given to the bank. *Field* v. *Mayor*, 6 N. Y. 179; *Devlin* v. *Mayor*, 63 N. Y. 8, 15. Was its effect in this respect changed by the addition of that paragraph? I think not. There is no provision therein for the payment to Duffy of the interest which he assigned to Klaber by virtue of the previous portion of the instrument. The statement that the sum assigned to Klaber "shall be paid to him immediately upon the payment or settlement by said bank" is not such a provision. It does not necessarily imply that the money is first to go into Duffy's hands, but, when considered in connection with the clause which immediately follows, it shows that what the parties had in contemplation was the possibility that the bank might settle with Duffy's attorney; and therefore Duffy went on to say: "And I authorize and empower my attorney who is conducting said suit, or whoever may act for me on the settlement or payment by said bank, to pay to said Klaber, immediately upon the receipt of said money, the amount due and assigned to him by and under this assignment." The plaintiff has succeeded to Klaber's rights, and no more; and, if the bank had actually paid the $6,000 which it did pay to Duffy's attorney, instead of to Duffy himself, there would be some plausibility in the position that the payment was in conformity with the terms of the assignment, which certainly import a willingness on the part of Klaber that the money which he was to receive should come to him through Duffy's attorney. I think it is going too far, however, to spell out of the language of the instrument any consent by Klaber that the sum intended for him should first go into the hands of Duffy. Such an interpretation would seem to render the execution of the assignment a useless formality, for, as is aptly suggested by the counsel for the appellant, if Duffy was to make any settlement he pleased, and receive the money himself, he could afterwards hand Klaber his portion, just as well without an assignment as with one. The evidence shows that $5,500 of the $6,000 paid by the bank went directly to Duffy by checks drawn to the attorneys of the bank and indorsed by them to his order; and to this extent, at least, it seems to me the payment was in disregard of the rights which the plaintiff had derived from Klaber under the assignment.

But it is contended in behalf of the respondent that, even if the assignment be otherwise effective in favor of the plaintiff, it cannot be enforced, because there has not really been any settlement of Duffy's claim, the payment made being only for the purpose of buying the bank's peace. A careful examination of the record, however, shows that the finding that such was the sole purpose of the payment is wholly without evidence to sustain it. Indeed, the finding seems to me to be clearly contrary to the evidence. In support of this view it is only necessary to refer to the affidavit which one of the attorneys for the bank prepared for Duffy, and which was verified by him a few days before the money was paid. That affidavit was entitled in the suit in which Duffy was prosecuting his claim against the bank, and in it he is made to speak of "a settlement or compromise now about to be made in this action." This one item of proof is sufficient to show conclusively to my mind that the settlement of Duffy's claim actually effected was something more than mere-

ly buying the bank's peace. But, even if it had been only that, I still think the transaction would fall within the scope and meaning of the term "settlement," as used in the assignment. In my opinion, the judgment should be reversed. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J. If it were not for the decision in the case of *Fairbanks* v. *Sargent*, 104 N. Y. 108, 9 N. E. Rep. 870, I should dissent, but I think that case is controlling.

BARRETT, J., concurs.