(23 Civ. Proc. R. 261.)

## MULLER v. MAYOR, ETC., OF CITY OF NEW YORK.

### In re LANGERMAN.

(Common Pleas of New York City and County, Special Term. October 31, 1893.)

ASSIGNMENT OF ATTORNEY'S FEES — RIGHT OF ASSIGNEE TO ATTORNEY'S LIEN.
   A writing by which an attorney agrees to pay a person a part of the compensation to be earned by him in a certain action, "to be a lien on said money," is a valid assignment, and entitles the assignee to the benefit of the attorney's lien for the amount assigned.

Action by William J. Muller against the mayor, aldermen, and commonalty of the city of New York to recover damages for personal injuries. A judgment was rendered in favor of plaintiff, and execution issued thereon, which was paid by defendant to the sheriff. W. L. S. Langerman served a notice on the sheriff that he claimed part of the moneys collected on the judgment for services rendered to plaintiff's attorney. The sheriff refused to pay the money over to plaintiff's attorney, and he thereupon moved for an order requiring him to pay it over. Granted on condition.

McAdam & McAdam, for the motion.
J. P. Berg, opposed.

GIEGERICH, J. The question of the claimant's standing in court, by reason of his not being a party to the action, is of no importance upon this motion. He claims as an assignee of the attorney's lien, in part, and seeks, by virtue of the alleged assignment, to avail himself of the right, which the Code gives to his assignor, to look to the proceeds of the judgment, in whosesoever hands they may be, for the protection of his lien upon the cause of action. Code Civ. Proc. § 66. His rights under the alleged assignment are properly to be considered by the court in view of the responsibility of the sheriff, who refers to the notice of claim with which he has been served as his defense to the moving party's demand. It is therefore necessary to consider the effect of the writing produced by the claimant as to whether or not it places him in the position of his assignor, the attorney, with an attorney's rights, under section 66 of the Code. The only written assignment before me is that annexed to the claimant's affidavit, and is, in effect, that George H. McAdam, one of the plaintiff's attorneys, agrees to pay to the claimant herein one-half of the profits which he may realize in this action, among others, "this to be a lien on said money." It is held that an attorney may make a valid assignment of his contingent interest in his client's cause of action. Chester v. Jumel (Sup.) 5 N. Y. Supp. 809. An assignment for a valuable consideration of demands having at the time

no actual existence, but which rest in expectancy merely, is valid in equity as an agreement, and takes effect as an assignment when the demands intended to be assigned are subsequently brought into existence. Field v. Mayor, etc., 6 N. Y. 179. Therefore it is obvious that the written agreement submitted by the claimant upon this motion is valid, prima facie, as an assignment of one-half of George H. McAdam's interest in the fund in question, and that, by virtue of the assignment, the claimant has a right to look to that fund for the satisfaction of his lien. My conclusion is that the sheriff should be directed either to pay over to the plaintiff's attorneys the full amount collected upon the execution, on the plaintiff's furnishing an approved and sufficient undertaking to secure the claimant in the sum to the extent of which he may establish his claim in the action now pending in this court between Walter L. S. Langerman, plaintiff, and McAdam & McAdam, attorneys for the plaintiff herein, defendants, or, at the option of the plaintiff, that a direction should be made that said sheriff pay over to said attorneys the amount so collected except the sum of $800, such last-mentioned sum to be deposited by him in the Union Trust Company to the credit of the aforesaid action, and to be paid over to the person or persons who shall be adjudged to be entitled thereto. Should the undertaking, as above provided, be given, the sureties thereon shall justify on two days' notice. Settle order on one day's notice.