### PREFERENCES UNDER THE BANKRUPTCY LAW.

Circuit Court of Cuyahoga County.

C. A. CHAPMAN, TRUSTEE, v. THE FOREST CITY SAVINGS BANK COMPANY.

Decided, March, 1907.

*Bankruptcy—Where Payments Made Within Four Months of Bankruptcy do Not Amount to a Preference.*

Where a creditor advances money to a bankrupt to enable him to carry out a contract with a third party and receives notes therefor more than four months before the act of bankruptcy, upon a verbal agreement that the third party shall pay the creditor such sums as may become due by reason of the performance of his contract by the bankrupt, which payments shall be applied upon the notes, payments made in pursuance thereof less than four months before the act of bankruptcy do not amount to a preference.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action brought by the plaintiff, as trustee in bankruptcy of Campbell Brothers, against the bank to recover preferential payments, aggregating $16,940.37, claimed to have been made by the bankrupts to the bank within four months of the filing of the petition in bankruptcy.

At the trial the defendant, admitting that said aggregate sum had been paid within the four months upon indebtedness to the bank existing prior thereto, made these claims:

*First.* That the bank, by new loans made by it to the bankrupts during said period, increased the bankrupts' estate by as much as, or more than the sum paid to it within said time.

*Second.* That said payments were received by it from the city of Cleveland upon claims of the bankrupts against said city, assigned to the bank prior to said time.

*Third.* That the conduct of the parties was not such as to make said payments a preference under the bankruptcy act.

The jury found for the defendants and the matter is here upon petition in error, with complaint that the verdict is not sustained by the evidence, and that the court erred in its charges and its refusal to charge as requested by the plaintiff.

If the jury was warranted in finding on any one of these issues in favor of the defendant, the judgment must be affirmed, unless the charge was erroneous as to all of the issues.

As to the first proposition, that the bank made new loans to the bankrupts after August 19, 1901, being the beginning of the four months in question, which equalled or exceeded the payments on pre-existing indebtedness received by it during said period an examination of the statement of the account between the parties attached to the bill of exceptions as defendant's Exhibit L shows that this claim is not fully borne out. We find that after said date the bank made new loans aggregating $17,050 and received as payments on pre-existing indebtedness the sum of $18,842.81, being an excess of about $1,800.

The jury's verdict, therefore, if based upon this claim, would not be sustained by the evidence.

The second proposition involves the validity of the assignment by the bankrupts to the bank of money coming to the former from the city of Cleveland on contracts for street improvements.

The evidence on this point fairly shows that some years before their failure the firm of Campbell Brothers, being engaged in the contracting business and expecting to bid on street improvement work for the city, made an arrangement with the bank

whereby it was to advance the funds necessary to carry on such work under any contracts the firm might enter into, until repaid out of estimates, as the same should become due and payable by the city. The city was advised of this arrangement, and instructed to make all its checks payable to the contractors and the bank, whenever anything should become due on any contracts that might be entered into between the parties; to this arrangement the city assented, and for years invariably made its checks so payable that the bank always drew the funds due from the city to Campbell Brothers on all contracts said firm had with the city.

Each time Campbell Brothers received any money from the bank, pursuant to this arrangement, there was at the time a contract in existence duly entered into by the firm with the city, upon which payments would become due as the work under said contract progressed, and each time the firm received any money from the bank, it was for the purpose of carrying on contracts at the time existing, and notes for such advances were given by Campbell Brothers to the bank on which were notated a memorandum of the particular contract with the city out of estimates on which said notes were to be paid.

The contention in this case is solely with regard to payments by the city to the bank which were received by it after August 16, 1901, and applied on such notes, which had been delivered to it previous to said date and bore said notations.

We think the jury might well have found from the evidence that each time one of the notes in question was given, as collateral security thereto a verbal assignment, with the consent of the city, was then made by the bankrupts of the amount thereafter to become due to them from the city on contracts at the time existing with it.

Such assignments would be valid. *The Brooks Co.* v. *Tolman,* 6 C.C.(N.S.), 137; *Rodijkeil* v. *Andrews,* 74 O. S., 104; *Field* v. *Mayer, etc., of New York,* 57 Am. Dec., 435.

In the light of these authorities there was no prejudicial error in refusing to charge as requested by the plaintiff on this subject.

These assignments having been made before August 16, 1901, payments received from the city under them, after August 16, 1901, would not be preferential under the bankruptcy law.

*Third.* Was the conduct of the parties such as to render the payments received by it, within the four months, preferential?

While our conclusions on the second proposition make an examination of this question unnecessary still it is due to counsel, who have carefully presented the point, that we intimate our views thereon.

By reason of provisions of the bankruptcy law, it was incumbent upon the plaintiff to show:

(*a*). That the debtors were insolvent on and after August 16, 1901. The trustee in bankruptcy seems to have sustained this burden.

(*b*). That the payments in controversy were made within four months of the filing of the petition in bankruptcy. This is conceded.

(*c*). That the bank had reasonable cause to believe that the payments received by it were intended to give a preference.

There are two branches to this inquiry:

Did the bank have reasonable cause to believe that Campbell Brothers were insolvent, or that it was getting more than it should, as a preference?

On these matters the testimony is conflicting, and we would not disturb a verdict either way.

The criticisms on the charge as given, refer to this issue.

While we do not commend the charge as given—it is not always clear as to the law and contains some erroneous statements, which, however, were favorable to the plaintiff—still we do not find it prejudicial to the plaintiff in the respect claimed.

(*d*). Did the bank receive more than it otherwise would, if it presented its claims to the trustee, surrendered the payment received by it by way of preference, and then received its dividend from the trustee?

Considering as we do, that the bank under such circumstances would have to surrender only $1,800, because it had increased the bankrupts' estate by $17,050 after August 16, 1901, we are

unable to say from the evidence, that the jury would not be warranted in finding that its dividends would still be $1,800.

The plaintiff did not sustain his burden in this respect, and there was no error in the charge on this point.

It remains to consider a general criticism of the charge as given, to the effect that it conveyed a notion to the jury that plaintiff had to prove that the entire sum claimed was a preferential payment under the law, in order to recover any *part* thereof.

General language used in the charge is in some places open to this objection, but in stating the issues between the parties the court said:

"Each separate item of the five amounts claimed by the plaintiff is a separate cause of action and the plaintiff may recover on one or more or all or none, as the evidence may warrant."

If the plaintiff desired more specific direction on this proposition, he should have requested it. Indeed, it seems that it is in this court that he first contends that though he may failed as to the whole, he is still entitled to some part of what he claimed as preferential payments.

We find no error in the record prejudicial to the plaintiff in error, and believing that the verdict is not against the weight of the evidence, the judgment is affirmed.