EDARDO VALLADARES, demandante y apelante, *v.* JOSÉ B. BERRÍOS, AUDITOR DEL MUNICIPIO DE YABUCOA, demandado y apelado.

No. 4305.—*Visto:* Febrero 10, 1928. *Resuelto:* Julio 24, 1928.

*González Fagundo & González Jr.*, abogados del apelante; el apelado compareció por su propio derecho, y en la vista por el abogado *L. Toro Cabañas*.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El 16 julio de 1926, Edardo Valladares y Juan Matos Laboy hicieron un contrato mediante el cual el último concedió al primero todo el derecho que tenía a recibir del municipio de Yabucoa el pago por la construcción de una escuela. El contrato le fué presentado al Auditor Municipal de Yabucoa, quien lo endosó con su aprobación. Posteriormente, Valladares recobró varias sumas de dinero, pero el auditor municipal se negó a aprobar una certificación por la cantidad de $1,644.03 o a entregar un cheque por la misma, y entonces se inició este recurso de *mandamus*.

La Corte de Distrito de Humacao resolvió que el deber del auditor municipal no era ministerial y que, por tanto, no procedía el *mandamus;* que en el presente caso, como el auditor municipal tenía derecho a consultar al Auditor de Puerto Rico en casos en que era dudosa la legalidad de un pago, y toda vez que el auditor municipal estaba haciendo tal consulta, actuaba dentro de su discreción.

La sección 17, inciso (*e*), del reglamento promulgado por el Auditor de Puerto Rico para los auditores municipales dispone como sigue:

"Los Auditores Municipales no podrán extender libramientos a favor de personas que no sean acreedores directos del municipio, o herederos de éstos en caso de muerte de aquéllos; ni reconocerán traspasos de haberes de ninguna clase de un individuo a otro, extendiendo siempre todo libramiento a favor de la persona, o herederos de ésta, que prestó el servicio o suministró los materiales, a menos

que por mutuo acuerdo, dichos traspasos sean hechos por documento auténtico o escritura ante notario, debiendo en este caso el auditor municipal conservar como justificante del traspaso copia de la expresada escritura o documento.''

Convenimos con el apelante, por lo tanto, en que el auditor municipal tenía el deber de expedir un cheque a favor del demandante si se probaba debidamente el contrato, y de ser así, el deber del auditor municipal era ministerial y no discrecional. Si bien la sección 18 le concede al auditor municipal el derecho de hacer una consulta cuando es dudosa la legalidad del pago, él no puede consultar arbitrariamente o demorar el pago si el contrato está en debida forma. Creemos que era obligación de la corte investigar la legalidad de la reclamación, y si estaba en debida forma, ordenar al auditor municipal a pagarla. Estamos algo inclinados a creer que el contrato, por su propia faz, estaba hecho en forma debida, aunque podrían desarrollarse otros hechos.

También insiste el apelante en que tenía derecho a un auto perentorio de *mandamus,* porque el demandado dejó de contestar. Sin embargo, la corte lo oyó oralmente y formó la noción de que el auditor municipal tenía discreción. Indudablemente la corte le hubiera dado al auditor la oportunidad de defenderse si ella hubiese creído que el deber era ministerial.

*Debe revocarse la sentencia apelada y devolverse* el caso para ulteriores procedimientos no inconsistentes con esta opinión.