Juan Enrique Soltero, demandante y apelante, *v.* Rafael L. Piris, en su carácter de Auditor Municipal de la Ciudad de Ponce, P. R., sustituído por José L. Negrón, demandado y apelado.

No. 7015.—*Sometido:* Diciembre 13, 1935. *Resuelto:* Enero 17, 1936.

*Virgilio Brunet,* abogado del apelante; *A. Atiles Moréu, G. Atiles Moréu* y *G. Pierluissi,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 22 de julio de 1933, Juan Enrique Soltero, en su carácter de contador público, celebró un contrato con el municipio de Ponce, en virtud del cual realizó ciertos servicios, rindiendo un informe final en 17 de noviembre del mismo año. Convino el municipio de Ponce en satisfacer al demandante $1,500 por los servicios prestados, de cuya suma satisfizo la cantidad de $400, quedando un balance de $1,100. Luego el demandante pidió que se le pagaran $500 más para abonar al referido balance, y habiéndose negado el entonces auditor municipal de Ponce, Leopoldo E. Delucca, a firmar el libramiento correspondiente, el Sr. Soltero solicitó y obtuvo de la Corte de Distrito de Ponce la expedición de un auto de *mandamus.* En virtud de la sentencia dictada el municipio de Ponce satisfizo al demandante apelante la suma solicitada, quedando entonces pendiente de pago un balance de $600. En 2 de mayo de 1934 el demandante apelante solicitó que se le pagara la cantidad que se le adeudaba. El Sr. Blas Oliveras, Alcalde del municipio de Ponce, dirigió entonces una carta al auditor municipal solicitando que firmara el correspondiente libramiento, de modo que el referido muncipio saldara la deuda pendiente. En 5 de mayo de 1934 el auditor contestó la carta que le fué dirigida por el alcalde, en los siguientes términos:

"Señor:—Me refiero a su carta del 4 del corriente en la que me sugiere que debemos dejar saldado el balance que se le adeuda al Sr. J. E. Soltero, si es posible. Me consta que hay partida presupuestal y fondos disponibles en este caso, pero debo someter primera-

mente este asunto a la consideración del Auditor de Puerto Rico, para cumplir con las disposiciones de su circular No. 2 A.E. 1933–34 de septiembre 27/33.—Informaré a usted las instrucciones que reciba al efecto.—Muy atentamente, Leopoldo E. Delucca, Auditor Municipal.''

En vista de los términos en que está concebida esta carta, el demandante solicitó que se ordenase al entonces auditor Rafael L. Piris, mediante un auto de *mandamus*, que procediese inmediatamente a firmar el libramiento y la orden de pago por la cantidad de $600 que adeudaba el municipio. Aceptó el auditor todos los hechos de la demanda, negó que no tuviese motivos para negarse a firmar el libramiento y la orden de pago, y alegó que de acuerdo con cierta circular del Auditor de Puerto Rico, de fecha 27 de septiembre de 1933, y el reglamento sobre contabilidad municipal, había consultado a dicho Auditor sobre el pago referido.

En 8 de diciembre de 1934 la Corte de Distrito de Ponce dictó sentencia declarando con lugar el recurso de *mandamus*. Posteriormente el demandante solicitó la sustitución de Rafael L. Piris por José L. Negrón, quien fué nombrado para sustituir al primero en el cargo de auditor municipal. En 5 de febrero de 1935 el demandado apelado solicitó la reconsideración de la sentencia dictada en 8 de diciembre de 1934. Oídas las partes, la corte dejó sin valor ni efecto la referida sentencia y declaró sin lugar en todas sus partes el recurso de *mandamus* interpuesto por el demandante, sin especial condenación de costas. Contra esta sentencia estableció el demandante el presente recurso de apelación, atribuyendo a la corte inferior varios errores que pueden discutirse conjuntamente porque todos giran sobre la misma cuestión.

Se alega que la corte cometió error al resolver que el auditor municipal de la ciudad de Ponce no se negó a firmar los libramientos y órdenes de pago y al sostener que el Auditor Insular tiene facultad para impedir el pago de obligaciones legalmente contraídas por los municipios y que el demandante apelante no agotó la vía administrativa.

■■ La ley dispone que el auditor municipal tendrá todas

las facultades, funciones y deberes, con respecto al municipio, que corresponden al Auditor de Puerto Rico, con sujeción a las disposiciones de la Ley Orgánica y a los reglamentos que dictare dicho Auditor, y firmará los libramientos y órdenes de pago que hayan de efectuarse de los fondos municipales. El demandado en su contestación niega que careciese de motivos para firmar el libramiento y la orden de pago por los $600 adeudados al Sr. Soltero, y expone que ha consultado al Auditor Insular de Puerto Rico, que no ha recibido contestación y que mientras dicho funcionario no resuelva si debe o no pagarse al Sr. Soltero la referida suma, el demandado no se encuentra facultado para hacer dicho pago. También alega el demandado, como excusa para no pagar, que el Sr. Leopoldo E. Delucca, en su carácter de Auditor Municipal, fué suspendido de empleo y sueldo por haber satisfecho al Sr. Soltero la cantidad de $500 en virtud de una orden expedida por la Corte de Distrito de Ponce ordenando dicho pago. Añade el demandado que de acuerdo con este precedente sería suspendido de empleo y sueldo si se decidiese a firmar el libramiento de pago.

En el presente caso el municipio de Ponce contrató los servicios profesionales del Sr. Soltero, comprometiéndose a satisfacer por los mismos la cantidad de $1,500. Esta es una cuestión que no se discute. El contrato quedó perfeccionado, los servicios han sido prestados, y el municipio, que ha derivado el beneficio de los mismos, ha satisfecho al Sr. Soltero la cantidad de $900, quedándole a deber los $600 que reclama. El referido contrato se llevó a cabo en 22 de julio de 1933. Con posterioridad a esta fecha el Auditor de Puerto Rico dirigió una circular a los alcaldes, auditores y secretarios auditores municipales, haciendo constar que la formulación de planes para mejorar las condiciones existentes, que en la mayoría de los casos se refieren a la consolidación de deudas, a la preparación de ordenanzas para anticipos, y de estudios técnicos sobre las condiciones económicas prevalecientes, irrogaría gastos innecesarios a los municipios si estos estudios y

la formulación de estos planes se hiciesen por personas extrañas a la administración o al gobierno. Ofrece el Auditor Insular la cooperación de su oficina para realizar dichos trabajos y dice que no se autorizará gasto alguno para el pago de servicios de esta naturaleza que puedan ser rendidos sin costo alguno para los municipios por las agencias del gobierno. Añade el Auditor que los comprobantes cubriendo estos gastos deberán ser sometidos a la aprobación de su oficina con anterioridad a efectuar pago alguno por este concepto.

La circular del Auditor no puede surtir el efecto de impedir o demorar innecesariamente el pago de una obligación derivada de un contrato válidamente celebrado con el municipio de Ponce. La obligación que pueda pesar sobre las autoridades municipales, en el orden administrativo, para utilizar los servicios ofrecidos por el Auditor, no es cuestión a resolver en el presente caso. No puede. negarse que esa circular es plausible por los propósitos que persigue y por la cooperación que ofrece a los organismos municipales. Entendemos, sin embargo, que si el municipio celebra un contrato válido con un tercero, la obligación contraída en virtud de ese contrato no puede quedar afectada por una circular que el Auditor Insular haya dirigido a las autoridades municipales. Para contratar con un municipio no se necesita el visto bueno del Contador Insular. Tampoco es necesaria la venia de dicho funcionario para exigir el cumplimiento de una obligación derivada de un contrato celebrado con una municipalidad. Como se dijo en *Costas Purcell* v. *Municipio de Las Marías,* 37 D.P.R. 19, 30, "es inconcebible que una ley como nuestra Carta Orgánica, en que el Congreso ha prescrito que la legislatura no aprobará disposición alguna que menoscabe la obligación de los contratos, apruebe por sí misma una ley que obliga a toda persona que haga un contrato con un municipio a obtener primero la autorización de un tercero que no es una de las partes contratantes." Y como se dijo en *Laborde* v. *Municipio de Isabela,* 38 D.P.R. 65, es evidente

que un ciudadano no necesita obtener el consentimiento del Contador con el fin de contratar con un municipio.

En el caso de *Fajardo Sugar Co.* v. *Holcomb,* 16 F. (2d) 29, se dijo lo siguiente:

"Generalmente el Contador es un funcionario del Gobierno cuyo deber es examinar las actuaciones de funcionarios que han recibido y desembolsan fondos públicos por virtud de autoridad legal. Si de acuerdo con la Carta Orgánica de Puerto Rico el Contador tiene, total o parcialmente, dominio sobre el poder de imponer contribuciones, deberíamos esperar que tal delegación extraordinaria haya sido concedida explícitamente pero no la hallamos."

Comentando estas últimas palabras 'dijo esta corte en *Laborde* v. *Municipio de Isabela,* supra:

"Lo mismo podemos decir con respecto al derecho a intervenir en contratos, o de afectar la responsabilidad general de un municipio en cuanto a pleitos se refiere."

En el caso de *Municipio de Río Piedras* v. *Serra Garabís & Co.,* 65 F. (2d) 691, la Corte de Circuito de Apelaciones ha expuesto el mismo criterio que ya había sido sostenido por este tribunal. De la opinión emitida en dicho caso copiamos lo siguiente:

"No creemos nosotros que el Contador de Puerto Rico tenga el poder de imponer condiciones sobre el derecho de las municipalidades para celebrar contratos ni para prescribir las formalidades con las cuales puedan legalmente llevarse a cabo estos contratos. El Auditor es un funcionario contador. No tiene autoridad para inspeccionar (*supervise*) la celebración de los contratos. Sus deberes están limitados a métodos de contabilidad y a actuar como un freno en el desembolso del dinero público a fin de que este dinero no sea pagado ilegalmente de esos fondos públicos. El punto de vista sostenido por el Gobierno pondría en efecto todos los gastos municipales de la isla bajo la dictadura de este funcionario contador, siendo éste un resultado tan extraño a las ideas locales de gobierno propio prevalecientes en este país que nosotros no lo aceptaríamos a menos que estuviésemos claramente convencidos de que esa fué la intención legislativa. Una cuestión similar se debatió con respecto al derecho del 'Comptroller General' de los Estados Unidos en la celebración de contratos por los departamentos del gobierno. El 'Attorney General'

aconsejó al Secretario de la Guerra que los derechos del 'Comptroller General' para aprobar las fórmulas no puede en ningún modo extenderse a las relaciones contractuales, que las partes tienen derecho a negociar libremente sin la intervención del 'Comptroller General', cuyas funciones son las de un funcionario contador. Estamos conformes con este punto de vista y con el de la Corte Suprema de Puerto Rico sobre este punto. Costas Purcell v. Municipality of Las Marías, 37 Porto Rico 18. Los reglamentos del Auditor Insular no constituyen parte del contrato.''

Más adelante dice la corte resolviendo una moción de reconsideración:

''¿Autoriza el artículo 20 de la Ley Orgánica al Contador Insular para hacer reglamentos que afecten los términos y validez de los contratos municipales con la aprobación del gobernador? Al tratar esta cuestión en nuestra opinión anterior dijimos que no.

. . . . . . . . .

''Que el Auditor se excedió en la esfera de su autoridad imponiendo las condiciones que impuso en los reglamentos sobre el derecho de las municipalidades para contratar, queda demostrado por el lenguaje del artículo 20 del cual deriva su autoridad.

. . . . . . . . .

''Claramente los reglamentos en cuestión, interpretados como el demandado pretende y como realmente leen, no están limitados a métodos de contabilidad sino que se extienden a prescribir los términos y condiciones para la celebración de los contratos municipales. En este respecto estos reglamentos son inválidos, no estando autorizados por el artículo 20.''

■ Arguye el peticionario apelante que el demandado no tuvo necesidad de consultar al Contador Insular para firmar el libramiento y la orden de pago. Opinamos que el apelante tiene razón. Esta corte ha sostenido que antes de acudirse al procedimiento de *mandamus* debe agotarse la vía administrativa. Pero esto no quiere decir que deba demorarse el cumplimiento de una obligación y celebrarse consultas cuando éstas resultan completamente innecesarias. En *Laborde* v. *Municipio de Isabela*, supra, esta corte se expresó así:

''En el caso de Axtmayer v. Kessinger, 32 D.P.R. 915, se resolvió que una persona empleada del gobierno, que demanda en cobro de

sueldos, debe primero agotar los remedios administrativos. . . . .. Desde luego, el caso demuestra que hay ciertas ocasiones en que primero se debe acudir al Contador. Naturalmente, hay casos en que la. actuación del Contador es una condición precedente para poderse· recobrar la cantidad reclamada. Necesariamente tienen que haber· casos en que la actuación del Contador es final, pero resolvemos que· la actuación del Contador solamente puede ser conclusiva cuando· un ciudadano ha efectuado un contrato con un municipio de acuerdo· con la ley.''

.   .   .   .   .   .   .   .   .   .   .   .

''Si bien el congreso probablemente tiene derecho a hacerlo así,. sin una indicación más directa no puede súponerse que siguió el mé-· todo reseñado en el artículo ·20 para privar a un ciudadano que con-· trata con un municipio, del derecho a que sus controversias sean. resueltas en una corte. La verdadera prueba es averiguar si la cor-· poración es o no responsable independientemente de la actuación del Contador.''

.   .   .   .   .   .   .   .   .   .   .   .

''Con estos antecedentes, no podemos llegar a la conclusión de· que fuera la intención del Congreso crear un tribunal especial o in-dependiente en la persona del Contador de Puerto Rico. Las únicas. palabras en la ley a ese efecto son las siguientes: 'Las decisiones. del Contador serán finales, a˙ no ser que se apele de ellas por la parte· perjudicada o por el jefe del departamento interesado, dentro de un año, en la forma que se prescribe más adelante.' Pero no vemos. disposición alguna en tales palabras de privar a un ciudadano que· efectúa un contrato con un municipio, de su derecho a demandar,. o de su derecho a demandar sin acudir primeramente al Contador.''˙

Los párrafos que anteceden aparecen en las páginas 76,. 78 y 73 respectivamente del tomo 38 de las Decisiones de· Puerto Rico.

En *Valladares* v. *Berríos,* 38 D.P.R. 682, la corte senten-· ciadora resolvió que el deber del auditor municipal de sa-· tisfacer a Valladares el pago de la construcción de una es-· cuela no era ministerial y que por lo tanto no procedía el *mandamus,* que como el Auditor Municipal tenía derecho a cònsultar al Auditor de Puerto Rico en casos en que era du-· ·dosa la legalidad de un pago, y toda vez que el Auditor estaba· haciendo tal consulta, actuaba dentro de su discreción. Este·

tribunal, al resolver en apelación el referido caso, se expresó en los siguientes términos:

"Convenimos con el apelante en que el Auditor Municipal tenía el deber de expedir un cheque a favor del demandante si se probaba debidamente el contrato, y de ser así, el deber del auditor municipal era ministerial y no disrecional. Si bien la Sección 18 de la ley concede al auditor municipal el derecho de hacer una consulta cuando es dudosa la legalidad del pago, él no puede consultar arbitrariamente o demorar el pago si el contrato está en debida forma. Creemos que era la obligación de la corte investigar la legalidad de la reclamación, y si estaba en debida forma ordenar al auditor municipal a pagarla."

En el presente caso no se discute la legalidad de la reclamación. El demandado admite que se han pagado $900 al peticionario por los servicios prestados al municipio, que se le adeuda la cantidad de $600 y que existe una partida presupuestal y fondos disponibles para cubrir dicho balance. El Auditor Municipal se ha negado a pagar porque cree que no está facultado para hacerlo mientras el Contador Insular no resuelva la consulta que se le hizo. Esta consulta nos parece innecesaria. El Auditor en su circular dice que no se autorizará gasto alguno para el pago de servicios de la naturaleza de los prestados por el peticionario que puedan ser rendidos sin costo alguno para los municipios por las agencias del gobierno. El demandado no está obligado a esperar la respuesta del Contador Insular, que puede prolongarse indefinidamente. La circular del Auditor tiene el propósito de evitar que los municipios utilicen, mediante contrato, sus fondos para pagar servicios que pudieran ser prestados gratuitamente por el Gobierno Insular. Es claro, a nuestro juicio, que el auditor no puede, mediante reglamento, afectar los derechos de un tercero que haya celebrado un contrato válido con una corporación municipal.

*Debe revocarse la sentencia apelada y dictarse otra en su lugar ordenando al Auditor Municipal de Ponce el pago de la cantidad de $600, con las costas.*