CARLOS ARMSTRONG E HIJOS, SUCRS., S. EN C., demandante y apelada, *v.* JOSÉ RODRÍGUEZ y MUNICIPIO DE SALINAS, ARTURO GODREAU, LUIS LORENZI Y DIOSDADO DONES, demandados y apelantes los dos primeros.

Núm. 6804.—*Sometido:* Diciembre 5, 1935. *Resuelto:* Junio 18, 1936.

*Fernando B. Fornaris* y *Leopoldo Tormes García*, abogados respectivamente, de los apelantes; *Alberto S. Poventud*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

José Rodríguez López obtuvo la buena pro en un contrato de construcción del municipio de Salinas, bajo el cual se le harían pagos mensuales. El 14 de octubre de 1932, antes de que se terminara el trabajo, Rodríguez otorgó una escritura por la que cedía a Armstrong e Hijos, en consideración a los materiales ya entregados y por entregarse, todos sus derechos a percibir del municipio· futuros pagos bajo el contrato. De acuerdo con esta cesión, el municipio entregó dos cheques a Armstrong e Hijos. Al vencerse el siguiente pago, Rodríguez solicitó del municipio que se lo efectuara a él y no a la cesionaria. El municipio no hizo pagos ulteriores a la cesionaria, pero sí le pagó un cheque a Rodríguez por $752.08. La cesionaria requirió del municipio el pago de esta suma y al negarse éste a cumplir con lo solicitado, entabló el presente litigio. La Corte de Distrito de Ponce falló a favor de la demandante y tanto el municipio como Rodríguez, que eran demandados, apelaron.

La ley es perfectamente clara, bajo circunstancias similares, al efecto de que cuando están envueltas personas naturales, un deudor está en la obligación de pagar al cesionario, y por consiguiente está directamente sujeto a una acción. Sin embargo, cualquier persona que haga negocios con un municipio está obligada a conocer sus limitaciones, no importa las que éstas fueren. Aquí el municipio fué notificado de la cesión e hizo dos pagos bajo la misma a la cesionaria. No había duda de la aceptación y todos los pagos futuros debieron haberse hecho a Armstrong e Hijos, de acuerdo con los términos de la cesión aceptada. El municipio fué notificado de que Rodríguez había perdido todo derecho y título a

cualesquiera pagos futuros y debió haber efectuado el pago directamente y, de ser necesario, haberlo incluído en el presupuesto.

Los apelantes sostienen que no existe ningún principio en la Ley Municipal que autorice a un municipio a constituirse en mandatario de persona alguna. Este caso, sin embargo, no presenta cuestión alguna de mandato. Se creó una novación o algo muy parecido.

Otro señalamiento de error es que el municipio, no habiendo sido parte en la cesión de Rodríguez a Armstrong e Hijos, no quedaba obligado por la misma. La ley, como hemos dicho, es claramente en sentido contrario cuando están envueltas personas naturales, y el apelante no nos ha citado nada que demuestre que un municipio no estaría igualmente obligado después de la debida notificación y aceptación, según se hizo en este caso. En verdad, dudamos si sería necesaria una aceptación formal.

Los apelantes también arguyen que habiendo pagado el cheque en controversia a Rodríguez, la corporación demandada no puede ser compelida sin el consentimiento de la Asamblea Municipal a hacer el pago a la demandante. Este punto específico ha sido resuelto por varias decisiones de esta corte, según las cuales los municipios han sido obligados a pagar obligaciones contractuales irrespectivamente de la actuación de la Asamblea Municipal para su pago. *Soltero* v. *Piris*, 49 D.P.R. 387, y casos citados. La cuestión podría afectar levemente la ejecución de la sentencia, pero el municipio está obligado a proveer para su pago.

Las consideraciones generales que anteceden son sostenidas por las siguientes autoridades:

El Juez Dillon, en su segundo volumen sobre la materia de corporaciones municipales, dice:

"Una cesión de dinero vencido o por vencer bajo los términos del contrato, en contraposición a la cesión del contrato mismo, es generalmente sostenida como válida." Dillon, Municipal Corporations, sección 832, págs. 1277, 1278.

Un examen de la sección arriba citada revelará cuán lejos han ido las cortes al sostener cesiones como la presente. Otras citas que sostienen los puntos ya discutidos son: *Brace* v. *City of Gloversville,* 167 N. Y. 455; *Dickson* v. *City of St. Paul,* 97 Minn. 258; *McKay* v. *City of N. Y.,* 46 N. Y. App. Div. 579; *Field* v. *City of New York,* 6 N. Y. 179; *City of San Antonio* v. *Stevens,* 126 S. W. 666; 19 R.C.L. 1080 *et seq.,* y 44 C. J. 132, párrafo 2238.

El demandado Rodríguez también apela y sostiene por varias razones que la corte no tuvo derecho a obligar al municipio por concepto de pagos futuros. Si la cesión se examina, se verá claramente que Rodríguez se desprendió de todos los derechos a los pagos futuros, conforme vencían. Por lo tanto, carece de interés en estos pagos futuros y, no teniendo interés, no puede propiamente oponerse o sugerir que era un mandato que tenía derecho a revocar. Además, los autos demuestran que hasta cierto punto no se adeudan pagos adicionales a Rodríguez, ya que él no terminó el trabajo y el municipio mismo tuvo que hacerlo.

*·Por tanto, la sentencia debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.