ARTEMAS H. HOLMES et al., Appellants, *v.* GEORGE S. EVANS et al., Respondents.

To constitute an equitable assignment there must be a purpose to pass a present interest; this, however, may be absolute or qualified, *i. e.,* a right to the immediate possession and enjoyment, or a right to such enjoyment postponed until the occurrence of some future event. It may also be made subject to such limitations, conditions and qualifications as might be inserted in a conveyance or assignment of the legal estate in the same subject.

To entitle a plaintiff to a specific performance of a contract, performance or a willingness to perform on his part must be shown as a condition precedent.

Defendants held certain claims which were doubtful and complicated, and not having the means to defray the expenses of litigations to collect them, they entered into an agreement with plaintiffs, a firm of lawyers, by which the latter were to undertake the collection, they to "receive upon settlement or recovery" a specified percentage of "such recovery or settlement in kind." All money or property received to be divided between the parties in the proportions specified; defendants reserving the right to substitute a cash compensation for a compensation in kind. A settlement proposed by plaintiffs not being approved of by defendants, they requested defendants to substitute another attorney, stating, however, if a settlement was made upon substantially the same terms as those rejected, they would be entitled to the agreed compensa-

tion. A substitution was made as requested. Defendants thereafter effected a settlement of the claims. In an action to compel the performance of the agreement by the delivery to plaintiffs of the specified proportion of the property received on the settlement, *held*, that the agreement amounted to an equitable assignment; but that, having failed to render the services, the agreement to perform which was the consideration for and, in effect, a condition of the assignment, their equitable right was thereby defeated; that their withdrawal amounted to an abandonment of the contract and a forfeiture of all rights under it.

(Argued October 21, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 4, 1891, which affirmed a judgment in favor of defendants entered upon the report of a referee; also appeal from order of said General Term of the same date, which affirmed an order denying a motion to open and vacate said report.

This was an action to enforce the specific performance of a contract entered into by plaintiffs, a firm of lawyers, and defendants, who were without means, whereby the plaintiffs agreed to conduct certain proceedings and suits of a complicated character, to pay the expenses and, so far as was in their power, to carry them to a successful and final issue and recovery, they to receive upon settlement or recovery of said claims "fifteen per centum of such settlement or recovery in kind, in full of all services, if brought about within sixty days, and if not made until after that date, twenty-five per centum." Defendants reserved the right within sixty days to substitute a reasonable cash fee for plaintiffs' services in place of such proportionate part, and they each agreed that after the said portion of any settlement or recovery had been set aside for plaintiffs, the latter should divide all stock, cash and other property settled for and recovered between defendants equally. After various negotiations plaintiffs submitted to defendants an agreement for a settlement, which the latter refused to execute, and plaintiffs thereupon requested them, by letter, to substitute other attorneys, on the ground that they did not think they could establish the claims as asserted by defendants,

or to any other or greater extent than is contained in the proposed agreement which they had rejected.

In regard to any possible claim under their contract, plaintiff wrote : " Under our agreement with you we have no charges against you, although our disbursements have been say $23, but under that agreement, in the event that you settle the controversies upon substantially the same terms as those you reject, we shall be entitled to the compensation provided for in the agreement." Defendants subsequently retained another attorney under a contract similar to the one made with the plaintiffs, and the latter gave defendants a blank consent to substitution and delivered to him the papers in the case. A settlement was subsequently effected by him.

Further facts appear in the opinion.

*William B. Hornblower* for appellants. The agreement between the plaintiffs and defendants was in effect an equitable assignment to the plaintiffs, of a certain interest in certain stock, claimed by the plaintiffs, and in a certain fund to which they claimed to be entitled. This equitable assignment created a property right, on the part of plaintiffs, which could not be divested except by some act on their part, forfeiting their right thereto. (*Hoffman* v. *Vallejo*, 45 Cal. 564 ; *Marshall* v. *Meech*, 51 N. Y. 110 ; *Wright* v. *Wright*, 70 id. 98 ; *Forstman* v. *Schulting*, 35 Hun, 505 ; *Keeler* v. *Keeler*, 51 id. 505 ; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443.) Plaintiffs did not forfeit their rights by any failure to perform their full duty towards the defendants. On the contrary, they fully lived up to their agreement, until prevented from proceeding by the wrongful conduct of the defendants. (*Marsh* v. *Holbrook*, 3 Abb. Ct. App. Dec. 176 ; *Masterton* v. *Mayor, etc.*, 7 Hill, 61 ; *Kersey* v. *Garton*, 77 Mo. 645 ; *Hunt* v. *Test*, 8 Ala. [N. S.] 713–722 ; *McElhinney* v. *Kline*, 6 Mo. App. 94 ; *Baldwin* v. *Bennett*, 4 Cal. 392 ; *Lawrence* v. *Potts*, 6 C. & P. 428 ; *Myers* v. *Crockett*, 14 Tex. 524 ; *Tenney* v. *Berger*, 93 N. Y. 524 ; *W. C. & M. Co.* v. *Holbrook*, 118 id. 586 ; *Moses* v. *Bierling*, 31 id. 462 ; *Redfield* v. *Tegg*,

38 id. 212; *Duclos* v. *Cunningham*, 102 id. 678.) A suit in equity to compel delivery to plaintiffs of the stock to which they are entitled, and to enforce their rights under the contract is the proper remedy. (*Johnson* v. *Brooks*, 93 N. Y. 337.) Even if the plaintiffs had not established such an interest *in rem*, as entitled them to relief in equity, or even if they had not established a right to an equitable enforcement of their agreement, they were yet certainly entitled to recover for breach of contract or upon a *quantum meruit.* (Code Civ. Pro. § 1207; *O. S. Co.* v. *Otis*, 27 Hun, 452; *Emery* v. *Pease*, 20 N. Y. 64; *Marquat* v. *Marquat*, 12 id. 336; *Herrington* v. *Robertson*, 71 id. 280; *Phillips* v. *Thompson*, 1 Johns. Ch. 131.) The order refusing to reopen the case to take Mr. Bush's testimony was erroneous and should be reversed. (*Ladd* v. *Stevenson*, 112 N. Y. 325.) The order appealed from is reviewable here. (*Tolman* v. *R. R. Co.*, 92 N. Y. 353; *Reed* v. *Mayor, etc.*, 97 id. 620; *Herbage* v. *City of Utica*, 109 id. 81.)

*John C. Tomlinson* for respondents. If there be any evidence to support the findings, they are not open to discussion in this court. (*Potter* v. *Carpenter*, 71 N. Y. 74; *Berdell* v. *Allen*, 116 id. 659; *Goodfellow* v. *Mayor, etc.*, 100 id. 15; *Bullock* v. *Mayor, etc.*, 99 id. 654; *Henny* v. *City of Cohoes*, 100 id. 623; *Stillwell* v. *M. L. Ins. Co.*, 72 id. 338.) The evidence fully sustains the findings, to the effect that the plaintiffs failed to show performance, did not complete or render in full the services contemplated by their agreement, and did not, either on or after April twenty-fourth, offer to prosecute the suit. (*Shaw* v. *Kidder*, 2 How. Pr. 244; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 635.) The plaintiffs having failed to perform the contract of March twenty-fourth, could not recover. (Pom. Eq. Juris. § 1407; *Gray* v. *Murray*, 3 Johns. Ch. 179; *May* v. *Schuyler*, 11 J. & S. 107; *Burling* v. *King*, 2 T. & C. 546; *Marshall* v. *Meech*, 51 N. Y. 140; *Wright* v. *Wright*, 70 id. 98; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 id. 443.) But if it be assumed that the plaintiffs had a lien, they forfeited by their withdrawal from the case and

consent to substitute other attorneys. (93 N. Y. 381.) The plaintiffs' claim is lacking in equity. (Pom. Eq. Juris. §§ 1404, 1405.) The order of the General Term is not appealable to this court, as the motion was addressed to discretion of the court below. (Code. Civ. Pro. § 724 ; *Smith* v. *Platt*, 96 N. Y. 635 ; *Meltzer* v. *Doll*, 91 id. 365 ; *Williams* v. *Montgomery*, 60 id. 648 ; *Donley* v. *Graham*, 48 id. 658 ; *Dalrymple* v. *Hannum*, 54 id. 654 ; *Scoville* v. *Landon*, 50 id. 686 ; *Lawrence* v. *Ely*, 38 id. 42 ; *Bedell* v. *Chase*, 34 id. 386 ; *Young* v. *Davies*, 30 id. 134 ; *Granger* v. *Craig*, 85 id. 619 ; *Grant* v. *Griswold*, 82 id. 569.) The motion was properly denied upon the merits, and the order, if appealable, should be affirmed. (*F. N. Bank* v. *Heaton*, 6 T. & C. 37 ; *Darbee* v. *Elwood*, 2 Hun, 599 ; *Bonyuge* v. *Waterbury*, 12 id. 534 ; *Gantin* v. *D. M. Co.*, 52 How. Pr. 325 ; *Reeve* v. *Stadler*, 52 id. 482 ; *T. M. Co.* v. *Steinan*, 58 id. 315.) Section 724 of the Code has no reference to such an application as this. (*F. N. Bank* v. *Heaton*, 5 T. & C. 37 ; 42 Barb. 550.)

ANDREWS, J. There is authority tending to support the claim that by force of the agreement of March 24, 1890, there was an equitable assignment by the defendants to the plaintiffs of an interest to the extent specified in the agreement of the claim of the defendants against Lippincott. (*Fairbanks* v. *Sargent*, 104 N. Y. 108 ; *Williams* v. *Ingersoll*, 89 id. 508.)

An equitable assignment has been defined to be such an assignment as gives the assignee a title which, although not cognizable at law, equity will recognize and protect. Such an assignment passes an immediate equitable interest in the subject, although it is not essential to the creation of the interest that it should be immediately enforceable by suit for specific performance to recover the interest assigned. Whether in a given case the transaction amounts to an equitable assignment depends to a great extent upon the intention. Where the transaction is evidenced by a written agreement, it depends upon the intention of the parties as manifested in the writing,

construed in the light of such extrinsic circumstances as under the general rules of law are admissible in aid of the interpretation of written instruments. It has been said that "to make an equitable assignment there must be such an appropriation of the subject-matter as to confer a complete and present right upon the party intended to be provided for, even where the circumstances do not admit of its immediate exercise." (SWAYNE, J., *Christmas* v. *Russell*, 14 Wall. 69.) There must undoubtedly be a purpose to pass a present interest, but that interest may be absolute or qualified, a right to the immediate possession and enjoyment, or a right to such enjoyment postponed until the occurrence of some future event. In other words, the assignment may be made subject to limitations, conditions and qualifications, such as might be inserted in the conveyance or assignment of the legal estate in the same subject. The quality of the equitable estate is that, and that only, which the parties intended.

The language of the agreement of March 24, 1890, is consistent with an intention on the part of the defendants to give the plaintiffs an equitable interest in the subject of the litigation, and the circumstances confirm that construction. The case was complicated and perhaps doubtful. The defendants had no means to carry on the proposed litigation, and the plaintiffs could not reasonably have expected to receive compensation for their services and disbursements, except through the fund or property which might be recovered in the action. They, therefore, on their part agreed to conduct proceedings and suits, " and so far as lies in their power to carry said proceedings and suits to a successful and final issue and recovery," and the defendants agreed that the plaintiffs " shall receive upon settlement or recovery of said claims " (against Lippincott) a specified percentage of " such recovery or settlement in kind," the defendants reserving the right, " within sixty days, to substitute a reasonable cash fee " for the services of the plaintiffs in the place of such proportionate part of the claims recovered or settled for as before provided. The final clause of the agreement provides for a division by the plaintiffs

between the two defendants of all stock, cash and property settled for or recovered, after the plaintiffs shall have set aside their portion under the agreement, and it is stated that the allowance to the plaintiffs shall cover all disbursements. This was not an agreement to pay the plaintiffs out of the fund to be recovered. It was an agreement in effect that they should have a share in the claims, and that when realized the fund should be divided between the parties in the proportions indicated. The right reserved to the defendants to substitute a cash compensation for the compensation in kind, does not, we think, characterize the agreement as executory only, or prevent its operating as an equitable assignment. If the right should be exercised, it would divest the equitable title of the plaintiffs in any part of the claim and operate as a defeasance.

But the concession that the plaintiffs were equitable assignees under the agreement by no means establishes their right to a specific performance. The consideration of the assignment was their undertaking to render the services mentioned. If they have not performed the agreement on their part, but have failed or neglected to perform it, and performance was not prevented or excused by the act or conduct of the defendants, plainly they have no standing in a court of equity to insist upon a specific performance of the agreement in their favor. The consideration for the agreement of the defendants was wholly executory and was the promise of the plaintiffs to render the services specified. The performance of the services was in effect a condition, and non-performance by them would defeat their equitable right. It is well settled that to entitle a plaintiff to specific performance in equity, he must show as a condition precedent " performance, or at least a willingness to perform, on his part." (*Gray* v. *Murray*, 3 Jo. Ch. 179; Pom. Eq. Jur. 1407; *May* v. *Schuyler*, 11 J. & S. 107.)

The referee found that the plaintiffs did not perform their contract. This finding is conclusive here unless unsupported by evidence. The proof tends to show that the plaintrffs, on the 24th of April, 1890, voluntarily abandoned their relation as attorneys and counsel for the defendants, and that the

defendants, at their request, procured other counsel, and the plaintiffs thereupon executed a stipulation substituting the new counsel in their place as attorneys in the action. The plaintiffs had no further connection with the suit or with the negotiations for settlement, but such negotiations were continued by the substituted counsel, and culminated in a settlement between the defendants and Lippincott in July following. In the letter addressed to the defendants, under date of April 24, 1890, written in the name of the plaintiffs by one of the firm, requesting the defendants to substitute other attorneys in their place, stating as a reason that they were of opinion that they could not succeed in establishing the defendants' claims as they asserted them, " or to any other or greater extent than is contained in the proposed agreement which you reject," occurs the following: " Under our agreement with you, we have no charges against you, although our disbursements have been say $23, but under that agreement in the event that you settle the controversies upon substantially the same terms as those you reject, we shall be entitled to the compensation provided for in the agreement." It is claimed that the settlement effected by the substituted counsel was upon substantially the same terms as those proposed by the plaintiffs and rejected by the defendants, and that, therefore, they are entitled to the compensation provided for in the agreement as if they had continued to act and the settlement had been effected by them. Without considering the soundness of this claim, it is a sufficient answer to the contention that the terms of the settlement were in many important respects quite different from those proposed by the plaintiffs. There can be no pretext that the variations were merely colorable and made for the purpose of defeating the claim of the plaintiffs.

We are of opinion that there is no error in the judgment. It is found, and the finding is fully sustained by the evidence, that the plaintiffs acted in good faith, and conducted the case of their clients with great intelligence and fidelity up to the time of their withdrawal from the case. Their abandonment of the case may have been a mistake. But we think it

involved a forfeiture of any rights under the contract of March 24, 1890.

The exception to the refusal of the referee to permit the amendment of the pleadings so as to introduce a cause of action as on a *quantum meruit*, was not well taken. The appeal from the denial of the court of the plaintiffs' motion to open the case for the introduction of further evidence, presents no question reviewable here.

The judgment should be affirmed.

All concur.

Judgment affirmed. _____