(8 Misc. Rep. 220.)

### FARRELL v. AMBERG.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. PLEADING—LIBERAL CONSTRUCTION—MATTERS OF FORM.
    Where a material averment is susceptible of two or more different meanings it will be construed against the pleader, as Code Civ. Proc. § 519, providing that pleadings shall be liberally construed, applies only to matters of form.

2. SAME—REPLY—SET-OFF.
    Code Civ. Proc. § 514, which requires a reply to a counterclaim, does not require a reply to matter constituting set-off or recoupment.

Appeal from judgment on report of referee.

Action by Thomas Farrell against John L. Amberg, substituted as defendant in the place and stead of the Church of St. Francis of Assisi, to recover a balance alleged to be due on a building contract. The original defendant admitted its liability, and paid the money

into court. There was a judgment in favor of the plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Edward W. S. Johnston, for appellant.
Nelson S. Spencer, for respondent.

BISCHOFF, J. This action was originally brought to recover the sum of $7,703.35, with interest, the balance claimed to be due from the Church of St. Francis of Assisi under a contract for the construction of its building. The church admitted the due performance of all the work, and its liability in the amount claimed, but asserted that one John L. Amberg had made claim to the moneys adversely to plaintiff. On notice to plaintiff and John L. Amberg, the original defendant was, by order, permitted to pay the moneys into court, and directed to be discharged as a party to the action, and said John L. Amberg was substituted in its place. It is not disputed that the pleadings concede that on May 16, 1891, the Church of St. Francis of Assisi entered into a contract with one Henry H. Amberg, whereby the latter undertook to construct a building for a specified compensation to be paid him by the former, and that for the due performance of the contract on his part he executed and delivered his bond, with plaintiff as surety; that on July 14, 1891, Henry H. Amberg assigned the contract to his brother, John L. Amberg; that on the same day John L. Amberg executed his power of attorney to plaintiff, whereby the latter was authorized, in the place and stead of the former, "to furnish, complete, and finish all the work, labor, and materials required to be done and furnished in and by" the building contract above mentioned, and "to collect and receive all moneys due or to become due on the said contract;" and that the contract, assignment, and power of attorney were delivered to plaintiff. The complaint further alleges that the contract was assigned, and the power of attorney executed and delivered, "in pursuance of an agreement whereby the plaintiff agreed to furnish the money necessary to carry out said contract, and in his own name to make all the purchases of materials, and to employ and pay all the labor necessary for the execution of said contract, and to complete and finish the work required to be done thereby." Also, that the assignment was made, and the power of attorney given, to secure "the plaintiff all rights to receive the consideration named in said contract;" and that "the said assignment and power of attorney were executed and delivered instead of an assignment of said contract directly to the plaintiff, because of the existence of said bond, and to secure the defendant's rights thereunder." The fourth paragraph of defendant's answer specifically admits, in almost identical language, the first above referred to allegation of the complaint, and "that the said assignment and power of attorney were executed and delivered, instead of an assignment of the contract, directly to the plaintiff, because of the existence of the said bond, and to secure the plaintiff's rights there-

under, as alleged in the paragraph of the complaint numbered 'Fifth;'" but denies that the power of attorney and assignment were made pursuant to a suggestion of counsel for the Church of St. Francis of Assisi, or prepared by him for the purpose of securing the plaintiff's rights in said contract. The eighth paragraph of defendant's answer alleges "that the said contract was delivered, and the said power of attorney was executed and delivered, to the plaintiff by the defendant because the plaintiff had become surety for the said Henry H. Amberg to the original defendant herein, the Church of St. Francis of Assisi, for the performance of said contract, and were executed and delivered for the purpose of securing the plaintiff's rights thereunder." Whereunder? Clearly, the contract; and any claim that "thereunder" refers to the bond is a palpable effort to distort the plain inference and grammatical sense of the language used. It is apparent, therefore, that the general denial at the conclusion of the paragraph, as well as the denial that the assignment and power of attorney were made at the suggestion of counsel for the Church of St. Francis of Assisi, or prepared by him to secure the plaintiff's rights under the contract, were not intended to comprehend the second allegation of the complaint referred to,—that the assignment and power of attorney were made and given to secure "the plaintiff all rights to receive the consideration named in said contract." The denial that counsel for the Church of St. Francis of Assisi suggested the execution and delivery of the instruments, or that he prepared them intending thereby to afford plaintiff security, are of immaterial matter in view of the admission that defendant in fact gave them for the purpose of such security. In construing a pleading, resort may be had to its several parts to ascertain what was intended to be alleged or denied (Whitney v. Town of Ticonderoga [Sup.] 6 N. Y. Supp. 844); and only that which is fairly implied from the language used will be deemed to be alleged (Cook v. Warren, 88 N. Y. 37; Bank v. Van Rensselaer, 6 Hill, 240). Section 519 of the Code of Civil Procedure, which provides that pleadings shall be liberally construed, applies only to matters of form (Clark v. Dillon, 97 N. Y. 370); and, when a material statement in a pleading is susceptible of two or more different meanings, that which is most unfavorable to the pleader must be accepted as the one intended (Clark v. Dillon, supra; Bunge v. Koop, 48 N. Y. 225, 231). It is doubtful whether the general denial at the conclusion of the eighth paragraph of the answer is at all available to defendant. Baylis v. Stimson, 110 N. Y. 621, 623, 17 N. E. 144.

The complaint also alleged that the work required to be done under the building contract had been fully and completely performed, and that the plaintiff had paid, laid out, and expended all moneys required in that behalf for labor and materials; and the answer admitted the performance, but denied the advance of any moneys by the plaintiff. Defendant, by answer, furthermore claimed that the plaintiff had been fully reimbursed for all moneys advanced, and was saved harmless from all liability under his bond by the due and complete performance of the contract and acceptance of the work by the Church of St. Francis of Assisi. Three distinct

and separate defenses—two of which were asserted also as offsets and counterclaims, and the other as a defense and offset only—were interposed to the complaint. One of these defenses and counterclaims charges the plaintiff with the conversion of money received under the building contract, but this is conceded to be sufficiently denied by the reply. The other defense and counterclaim alleges the facts of the delivery of the contract, assignment, and power of attorney for the purpose stated in the complaint and admitted by the answer, and then further alleges that the power of attorney was revocable upon reimbursement to plaintiff for the money advanced by him, and that it was in fact revoked by service of a notice of revocation upon the Church of St. Francis of Assisi; but nowhere charges the plaintiff with the receipt of any money in excess of the sums advanced. The third and remaining one of the defenses—that which was also pleaded as an offset only—alleges payment by plaintiff's receipt of money which accrued under the contract sufficient to reimburse him for any money advanced. It is apparent from the mere statement of them that, while the two last above-mentioned defenses may have been properly pleaded as such as well as offsets, neither was available as a counterclaim. In the absence of an order, therefore, that plaintiff be required to reply to new matter pleaded in the answer, no reply was necessary. Section 514 of the Code of Civil Procedure requires a reply to a counterclaim only, and section 516 dispenses with a reply in every other case, unless one is directed to be served by order made on defendant's application. Accordingly, in the absence of such an order, no reply is necessary to mere matter of avoidance, or to matter constituting an offset or recoupment, or alleged as payment (Cockerill v. Loonam, 36 Hun, 353; Improvement Co. v. Staley, 40 N. Y. Super. Ct. 539; Burke v. Thorne, 44 Barb. 363; Scott v. Stockwell, 65 How. Pr. 249; Baylies' Code Pl. c. 13, p. 287); and plaintiff did not, therefore, admit, as defendant's counsel contends, by failure to reply to the pretended counterclaim last above-mentioned, that the power of attorney was given solely to secure plaintiff against any liability upon his bond, assuming such to be the allegation of the answer upon a proper construction, or that the power of attorney was revocable and revoked. Again, any allegation that the power of attorney was revocable and revoked by service of notice of revocation implies no more than the statement of legal conclusions, not of facts; and so, for that reason also, was not admitted, because not denied. The allegation of a legal conclusion is an immaterial averment. Scofield v. Whitelegge, 49 N. Y. 259; People v. Commissioners of Highways, 54 N. Y. 276. Only material matter, not controverted by answer or reply, shall be taken as admitted. Code Civ. Proc. § 522. For the reasons hereinbefore stated, therefore, when the action proceeded to trial the following, also, were among the admitted facts: That the building contract, as well as the assignment thereof to Henry H. Amberg, and the power of attorney from the defendant to the plaintiff, were delivered to the plaintiff pursuant to an agreement that the plaintiff should be, by their means, secured against all liability under his bond for

the performance of the building contract, as well as for all moneys advanced by the plaintiff in the performance of the contract. The only testimony taken was that of the plaintiff, which was to the effect that the contract, assignment, and power of attorney were delivered to him simultaneously, that the work called for by the contract was done, and that he had paid all the money required for labor and materials in the performance of the work. Defendant offered in evidence a notice by him of revocation of the power of attorney, which was conceded to have been served upon the plaintiff and the Church of St. Francis of Assisi before the commencement of the action. No further evidence of any kind was adduced by either party, and the cause was thereupon submitted to the referee, who decided that the power of attorney was not revocable; that it was not revoked by defendant; and that plaintiff was entitled to recover the moneys paid into court.

The referee's findings of fact are consistent with all the admitted facts and plaintiff's testimony. No error is, therefore, predicable of the referee's refusals to find to the contrary. The power of attorney, also, was one coupled with an interest; hence the referee's conclusions that the power of attorney was not revocable, and was not revoked by the service of defendant's notice of revocation, in the absence of proof that the plaintiff was reimbursed for his outlays by his receipt of moneys which had accrued under the building contract or otherwise cannot be successfully controverted. "As the power of one man to act for another depends on the will and license of that other, the power ceases when the will or his permission is withdrawn. The general rule, therefore, is that a letter of attorney may at any time be revoked by the party who makes it, and is revoked by his death. But this general rule, which results from the nature of the act, has sustained some modification. Where a letter of attorney forms a part of a contract, and is a security for money, or for the performance of any act which is deemed valuable, it is generally made irrevocable in terms, or, if not so, is deemed irrevocable in law. Although a letter of attorney depends, from its nature, on the will of the person making it, and may, in general, be recalled at his will, yet, if he binds himself for a consideration, in terms, or by the nature of his contract, not to change his will, the law will not permit him to change it." Chief Justice Marshall in Hunt v. Rousmanier, 8 Wheat. 174. See, also, Knapp v. Alvord, 10 Paige, 205; Raymond v. Squire, 11 Johns. 47; De Forest v. Bates, 1 Edw. Ch. 394; Hutchins v. Hebbard, 34 N. Y. 24. A power of attorney to collect a fund, given to secure the payment of a debt due from the donor to the donee of the power operates as an equitable assignment of the fund. Raymond v. Squire and De Forest v. Bates, supra; Wilson v. Troup, 2 Cow. 195. An equitable assignment is none the less so because the interest it conveys is qualified and conditioned. Holmes v. Evans, 129 N. Y. 140, 29 N. E. 233.

We assume that the plaintiff's liability upon his bond, given to secure the due performance of the building contract with the Church of St. Francis of Assisi, had ceased, and that to that extent his interest in the moneys to be collected upon the contract had re-

verted to defendant; but it still remained to show, to extinguish the plaintiff's remaining interest in the moneys, that he had been reimbursed for all moneys paid, laid out, and expended by him. That fact was not admitted by the pleadings or on the trial. Its proof was incumbent upon defendant, who failed to supply it. The judgment should be affirmed, with costs.