Mae V. Netling, Appellant, *v.* William F. Netling. Respondent, Impleaded with Others.

*Agreement by a husband to pay a percentage of his earnings to his wife in lieu of alimony — it is not an equitable assignment — a receiver of the husband's property will not be appointed at the suit of the wife.*

An instrument executed by a husband to his wife reciting: "I hereby agree to pay you one-fourth of my net commissions, or, in other words, one-fourth of all and any moneys I make from this time until such time as you may marry again, and I will render you a full and correct statement of every transaction I may have in which there will be any money due me. This agreement is given to you in lieu of alimony which you have hereby waived in a divorce proceeding in which you are complainant and I am defendant, this day tried before Judge W. G. Ewing," does not operate as an equitable assignment to the wife of an interest in the husband's future earnings, but is only a promise on his part to pay her one-fourth of his future earnings as they may accrue.

There being no community of interest between the husband and wife in the husband's future earnings, the court, in an action brought upon the agreement by the wife, will not take the after-acquired property of the husband into its possession and control by means of a receiver.

Appeal by the plaintiff, Mae V. Netling, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of January, 1901, vacating an injunction, and denying plaintiff's motion for the appointment of a receiver.

*Henry Wollman,* for the appellant.

*G. H. Crawford,* for the respondent.

Goodrich, P. J.:

In 1895 the plaintiff instituted a suit for divorce against her husband in the State of Illinois, where the parties resided. On the day the action was tried, but after the trial and apparently before any decree, the parties entered into the following agreement:

"Chicago, *June 8th,* 1895.

" Mrs. Mae V. Netling,

"Chicago, Ill. :

"I hereby agree to pay you one-fourth of my net commissions, or, in other words, one-fourth of all and any moneys I make from

this time until such time as you may marry again, and I will render you a full and correct statement of every transaction I may have in which there will be any money due me. This agreement is given to you in lieu of alimony which you have hereby waived in a divorce proceeding in which you are complainant and I am defendant, this day tried before Judge W. G. EWING. In consideration of the premises I have hereto set my hand and seal, the day and date above written.

"W. F. NETLING. [SEAL.]"

The defendant afterward came to the State of New York, entered into business and accumulated property. The plaintiff now sues for an accounting of the defendant's earnings and of all real and personal property which he has acquired, and, upon the claim that she is the actual owner of one-fourth of such property, moves for an injunction and a receiver. The court denied the motion and the plaintiff appeals.

The plaintiff's contention, as stated in her brief, is based on the theory that the "agreement was an equitable assignment of one-fourth of all William F. Netling's earnings, and that the moment the money was earned and received by him, one-fourth of it became hers."

Mr. Justice SMITH, in his opinion, cites the case of *Holmes* v. *Evans* (129 N. Y. 140), where Judge ANDREWS said (pp. 144, 145): " An equitable assignment has been defined to be such an assignment as gives the assignee a title which, although not cognizable at law, equity will recognize and protect. Such an assignment passes an immediate equitable interest in the subject, although it is not essential to the creation of the interest that it should be immediately enforceable by suit for specific performance to recover the interest assigned. Whether in a given case the transaction amounts to an equitable assignment depends to a great extent upon the intention. Where the transaction is evidenced by a written agreement, it depends upon the intention of the parties as manifested in the writing, construed in the light of such extrinsic circumstances as under the general rules of law are admissible in aid of the interpretation of written instruments."

In *Christmas* v. *Russell* (81 U. S. [14 Wall.] 69) it was said (p. 84): " An agreement to pay out of a particular fund, however clear in its

terms, is not an equitable assignment; a covenant in the most solemn form has no greater effect. The phraseology employed is not material provided the intent to transfer is manifested. Such an intent and its execution are indispensable. The assignor must not retain any control over the fund — any authority to collect, or any power of revocation. If he do, it is fatal to the claim of the assignee. The transfer must be of such a character that the fund-holder can safely pay, and is compellable to do so, though forbidden by the assignor."

Mr. Pomeroy, in his Equity Jurisprudence (§ 1288), says that although a sale of property to be acquired in the future does not operate as an immediate alienation at law, it operates as an equitable assignment of the present possibility which changes into an assignment of the equitable ownership as soon as the property is acquired by the vendor, but this relates to specific property and is far from saying that a contract to pay a party a fourth part of future net earnings will work an equitable assignment of the moneys thus to be earned. For the author says (in § 1290): "In order to create an equitable assignment, and thus let in the operation of the equitable doctrine, there must be on the face of the instrument expressly, or collected from its provisions by necessary implication, language of *present transfer* directly applying to the future as well as to the existing property, or else language importing a present *contract* or *agreement* between the parties to sell or assign the future property."

Applying the doctrine of these authorities to the agreement in question, I can find no intention of the parties that the plaintiff should become immediate owner of any part of William F. Netling's future earnings, that is, an intention to pass a present interest in what did not exist, but only a promise on his part to pay her one-fourth of his future earnings as they might accrue. I can find no intention that he should give up any control over any part of his future earnings or surrender his sole and absolute authority to collect them. The absence of such intention, in the language of the *Christmas Case* (*supra*), is fatal to the claim of the plaintiff.

There is a manifest distinction between the assignment of a fund, or claim, or account, or right of action, already in existence, and that of a thing yet to be created. In the former case the language of an agreement would more readily work an equitable assignment than in the latter case. Without particularly specifying the facts

in the cases cited by the learned counsel for the plaintiff, it may be said that *Fairbanks* v. *Sargent* (117 N. Y. 320); *Williams* v. *Ingersoll* (89 id. 508); *Munger* v. *Shannon* (61 id. 251); *Parker* v. *City of Syracuse* (31 id. 376); *Field* v. *Mayor* (6 id. 179) and *Morton* v. *Naylor* (1 Hill, 585) related to rights or claims already in existence or contracted for, or upon which there was a present right of action, and no case is cited, nor have I been able to find any, where a contract like the one under consideration has been held to work an equitable assignment of future earnings. The promise in the case at bar does not imply a community of interest between promisor and promisee in the future earnings so that the court, in the exercise of its equitable powers, is called upon to take into its possession and control by means of a receiver the after-acquired property of the promisor.

I think the motion for injunction and receiver was properly denied, and that the order should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.