(94 App. Div. 458.)

CONLON v. MINOR et al. (two cases).

(Supreme Court, Appellate Division, First Department. May 20, 1904.)

1. MORTGAGES—REDEMPTION—ACTIONS—PLEADING—AMENDMENT.

In an action by a junior incumbrancer to redeem from a senior mort-
gage, the complaint alleged that prior to the assignment of such mort-
gage the indebtedness secured thereby had been fully paid by the mort-
gagor, with the exception of $550, advanced by the assignee. The assignee
did not deny this allegation, nor allege that he purchased the mortgage
of the mortgagee, but claimed it was assigned to him pursuant to an agree-
ment with the mortgagor as security for a prior indebtedness owing by
the mortgagor, and for moneys advanced. At the trial the evidence tend-
ed to show that the mortgage was fully paid prior to assignment, and
that the assignee advanced no money for the purpose of making such
payment. Held, that the court, after having offered to grant an adjourn-

ment, which was refused, was justified in permitting plaintiff to amend her complaint to conform to the proof.

2. ·SAME—LIEN.

Where a senior mortgage was fully paid by the mortgagor prior to its assignment for the purpose of securing a previous indebtedness owing by the mortgagor to the assignee, the lien of the mortgage for such indebtedness became subordinate to a junior mortgage on the property.

3. SAME.

Where an assignee of a senior mortgage did not purchase the mortgage of the mortgagee, but procured an assignment thereof to secure an indebtedness of the mortgagor, and loaned his check to the mortgagor to make a payment of the balance due on the mortgage, but evidence tended to show that at the time of the assignment the mortgage had been fully paid by the mortgagor, if the assignee claimed the right to enforce the mortgage as prior to other liens on the property to the amount of the check so loaned, it was incumbent on him to prove that such check was not subsequently paid, or the money thus advanced to the mortgagor had not been refunded.

4. ·SAME—COSTS.

Where, in an action to redeem from a senior mortgage, plaintiff came into court on an erroneous view of the facts, and was compelled to amend her complaint to conform to the proofs in order to be entitled to any relief, which amendment the court allowed, plaintiff was not entitled to costs.

Appeal from Special Term, New York County.

Action by Kittie F. Conlon, as executrix, etc., against Gilbert W. Minor and others. From a judgment in favor of plaintiff, defendants Gilbert W. Minor and one Gorman prosecute separate appeals. Modified.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry A. Powell, for appellant Gorman.
John P. Duff, for appellant Minor.
Warren Leslie, for respondent.

LAUGHLIN, J. This action, as originally brought, was one by a junior mortgagee for the redemption of the mortgaged premises from a senior mortgage upon payment of $550, together with interest, the balance alleged to be due thereon, and for the assignment of the mortgage to the plaintiff, and to enjoin its transfer by the holder as security for any sum greater than the amount due thereon, with the usual prayer for other and further relief. The senior mortgage was a purchase-money mortgage given by the defendant Minor and his wife to the defendant Beatty on the 3d day of July, 1900, to secure the payment of $3,000. On the 4th day of April, 1903, it was formally assigned to the defendant Gorman. The action was brought upon the theory that at the time of this assignment the mortgage indebtedness had been fully paid, and that all of it had been paid by the mortgagor with the exception of $550, which was advanced by Gorman. Upon the trial the evidence tended to show that the mortgage was fully paid off by the mortgagor prior to the assignment, and that Gorman advanced no money for the purpose of making such payment. At the close of the plaintiff's case, after counsel for defendants moved for a dismissal of the complaint, the court observed that the plaintiff al-

leged that there was this amount due upon the mortgage, while the evidence showed that it was paid in full, and suggested that the relief to which the plaintiff would be entitled was the cancellation of the mortgage. Thereupon counsel for the plaintiff moved and was allowed, under objection and exception taken by appellants, to amend the complaint to conform to the proof by alleging the payment of the mortgage in full, and demanding that it be satisfied of record. Counsel for the appellant Gorman objected to the motion upon the ground that his client was taken by surprise, and not prepared to meet that issue. The answer of the defendant Gorman does not allege that he purchased the mortgage of the mortgagee, but alleges that it was assigned to him pursuant to an agreement with the mortgagor, as security for a prior indebtedness owing by the mortgagor to him, and for moneys advanced to the mortgagor. Upon counsel for Gorman claiming surprise by the proposed amendment, the court stated that an application for an adjournment upon that ground would be entertained, and suggested the taking of a recess to enable counsel to prepare to make the motion. Counsel for Gorman then stated that he would not ask an adjournment, and both defendants rested their case without introducing any evidence. It is alleged that the court erred in allowing this amendment. The appellant Gorman contends that he was thereby deprived of the conclusive admission contained in the complaint that the sum of $550 remained due and unpaid on the mortgage, and that to this extent the lien thereof was prior to the lien of the plaintiff's mortgage. Although he did not deny the allegation of the complaint in this regard, he claimed that he was entitled to hold the mortgage as a prior lien for a much larger amount, on the theory, according to the allegations of his answer, that he was entitled to hold the mortgage as security for the amount owing to him by Minor; and he set forth the items of that indebtedness without expressly claiming that any of it was for moneys advanced to pay off this mortgage, and he gave no evidence on the subject. The only evidence offered upon the trial was the testimony of the defendant Beatty, which shows that the allegations of the original complaint which were omitted by this amendment were not in accordance with the facts. In these circumstances the appellants were not prejudiced by the amendment. The court manifested a willingness to afford them every reasonable opportunity to meet the evidence and the issue as modified by the amendment. It is evident that they did not avail themselves of this opportunity because the evidence introduced by the plaintiff could not be controverted. The court did not cancel the mortgage, but adjudged that it was subordinate to the lien of the plaintiff's mortgage. This relief was fairly warranted by the amended complaint, and was less prejudicial to the appellants than would be a cancellation of the mortgage.. The judgment allows the mortgage to stand as security for any indebtedness owing to Gorman by Minor, the lien thereof, however, being declared subordinate to that of the plaintiff's mortgage.

The appellants also contend that, in any event, the judgment is unwarranted, because it appears that a check made by Gorman for about $187 was used in paying off this mortgage. The year before the mortgage was assigned to Gorman the mortgagor had paid $1,000 to apply

thereon. The mortgage indebtedness was wholly due, and shortly before the assignment was made the mortgagee was urging payment. The mortgagor evidently expected to be able to pay it in full, and promised so to do. It was understood by both that a satisfaction of the mortgage was to be executed, and it was left with the mortgagor to prepare it. There was some delay on the part of the mortgagor in making the payment, and the mortgagee became somewhat impatient. Finally the mortgagor had sufficient funds to make the payment, provided the mortgagee would accept a check of one Gardner, a client of his, "for a day or two," for about $187. This the mortgagee declined to do, whereupon the mortgagor suggested that he could get Gorman's check, and at the instance of the mortgagee the mortgagor gave him the Gardner check and a note to Gorman. The mortgagee then went to Gorman, and delivered to him the Gardner check, and the evidence indicates that he obtained and used Gorman's check for a like amount. It may have been for a few dollars more, but, if so, the appellants should have made the evidence clear on that point, for, as it stands, the witness speaks of it as an exchange of checks in a way to indicate that the amount of each was the same. Prior to this time the mortgagor had stated to the mortgagee that, instead of having a discharge of the mortgage executed, he wished it assigned to Gorman, and the assignment was executed apparently at the time the mortgagor gave the mortgagee the note to Gorman. The mortgagee also executed a receipt reciting that he had received three checks drawn by Gardner, and giving the number of each, and specifying the amount—which was the balance due on the mortgage—and that they were received in consideration of the assignment of the mortgage to Gorman. It is clear that Gorman did not purchase the mortgage of the mortgagee. His check, at most, was loaned to the mortgagor for the purpose of being used to pay off the mortgage. This would continue the lien of the mortgage as security for the amount of the check, but in so far as the assignment was taken as security for other indebtedness the lien of the mortgage would become subordinated to that of the plaintiff. Champney v. Coope et al., 32 N. Y. 543; Harbeck v. Vanderbilt, 20 N. Y. 395. No explanation is offered of the acceptance of the other Gardner checks by the mortgagee in part payment. It may be inferred that the Gardner check for $187, which was delivered to Gorman, was either postdated, or that there was an understanding that it was not to be used for a few days. The burden was undoubtedly on the plaintiff to show that the mortgage was paid before the assignment; but we are of opinion that the plaintiff made a prima facie case of payment, and that, if the Gardner check taken by Gorman was not subsequently paid, or the money thus advanced by Gorman was not refunded, it was incumbent upon the latter to show it.

The appellants complain of the award of costs against them. They say that, if the original complaint had been the same as the amended complaint, they might not have defended; and, furthermore, that under the original complaint it was incumbent on the plaintiff to show, as she alleged, a tender of the amount alleged to have been advanced by Gorman toward the payment of the mortgage. There is no evidence of bad faith on the part of either appellant. The fair inference

is that they believed that the mortgage, although paid off by the mort-
gagor, could be thus assigned as security for the indebtedness owing
by him to the assignee, and retain its priority. In this they were mis-
taken. But the plaintiff, instead of applying to them, and ascer-
taining the facts, and demanding the execution of some paper for rec-
ord to show that the senior mortgage had become subordinated to the
lien of hers, came into court on an erroneous view of the facts, and
should not have been awarded costs.

The judgment should therefore be modified by striking out the
award of costs, and, as so modified, affirmed, without costs. All con-
cur.