SIGMUND KLINGER, Plaintiff, *v.* NEW YORK STATE NATIONAL BANK and Others, Defendants.

Supreme Court, Bronx County, March 22, 1934.

*Edwin R. Wolff,* for the plaintiff.

*William Glatzer,* for the defendant Magee.

*Samuel Israel,* for the defendant Dutcher.

*N. Bernard Silberg,* for the defendant Standard Oil Company.

*Douglas S. Rider,* for the defendant Andros, Wood, Stutz & Rider.

*Thomas F. O' Neil,* for the defendant Spittler Bros.

*Benjamin Starr,* for the defendant Austin-Western Road Machinery Company.

*Julian Erway* for the defendant Standard Accident Insurance Company.

*J. E. Kelly* for the defendants Michael Dailey and Ernest Carnes.

*Philip Halpern* for the defendant Bison Oil Products Company.

*Harry Loeb Mostow,* for the defendants C. A. Lippincott & Bros., Inc., and Credit Utility Company.

McLAUGHLIN, J. This action is brought to fix the rights of various claimants in and to a certain fund in the sum of $15,225.60, which resulted from the following facts: Ralph E. Dutcher, one of the defendants herein, was a subcontractor for Frank Ursitti, who was the general contractor for a certain public improvement known as highway 8295, Hamilton county, N. Y. Dutcher filed two liens against this public improvement. Litigation instituted by Dutcher to enforce the said liens resulted in a settlement of $20,000 in favor of Dutcher. His attorneys, Andros, Wood, Stutz & Rider,

named as defendants merely because they must countersign payments to be adjudged herein, received the sum of $5,000 for payment of their services in Dutcher's behalf. The sum of $15,000 is, therefore, the fund, exclusive of $225.60 accrued interest, which must be divided among the claimants to this suit in accordance with their legal rights.

While litigation was pending by Dutcher in connection with his liens, he made various assignments to persons who had furnished him credit and had supplied materials to him. The legal efficacy of the assignments to William J. Magee and the rights of priority of the various claimants are the paramount questions to be considered.

The picture as to list of assignees and the dates of their respective assignments and amounts appears from a reading of plaintiff's Exhibit 4, which is as follows:

Assignments in Ralph E. Dutcher case: Assignee and address, William J. Magee, No. 213 Stock Exchange Building, Buffalo, N. Y.; date of execution, April 15, 1932; amount, $10,000 (this was a reassignment of the assignment by Dutcher to Lloyd's Casualty Company for a like amount on March 13, 1931, and was made by Lloyd's Casualty Company to W. J. Magee). Assignee and address, George W. Whitehead, No. 2 Mechanic street, Buffalo, N. Y.; date of execution, December 19, 1931; amount, $6,495; attorneys and address, Walter & Wolff, No. 2 Lafayette street, New York city. Assignee and address, Standard Oil Company of New York, Buffalo, N. Y.; date of execution, November 6, 1931; amount, $3,971.71; attorney and address, Bernard Silberg, No. 75 State street, Albany, N. Y. Assignee and address, Credit Utility Company, ℅ attorney; date of execution, March 15, 1932; amount, $3,600; attorney and address, Emanuel Reich, No. 125 East Forty-first street, New York city. Assignee and address, Austin-Western Road Machinery Company, Chicago, Ill.; date of execution, March 15, 1932; amount, $600; attorney and address, George J. Hatt, No. 75 Chapel street, Albany, N. Y. Assignee and address, C. A. Lippincott & Bros., Inc., ℅ attorney; date of execution, March 31, 1932; amount, $1,662.72; attorney and address, Emanuel Reich, No. 125 East Forty-first street, New York city. Assignee and address, Spittler Bros., Buffalo, N. Y.; date of execution, June 29, 1932; amount, $1,999.65; attorney and address, Thomas F. O'Neil, No. 109 State street, Albany, N. Y. Assignee and address, Michael Dailey, Buffalo, N. Y.; date of execution, September 8, 1932; amount, $1,250; attorneys and address, Rann, Vaugh, Brown & Sturtevant, No. 422 Main street, Buffalo, N. Y. (a judgment for this amount was obtained in Erie County Supreme Court, and on June 13, 1932, Ernest Carnes was appointed receiver for Dutcher by Justice

Edward R. O'Malley). Assignee and address, Bison Oil Products Company, Inc., % attorneys; date of execution, September 19, 1932; amount, $589; attorneys and address, Halpern & Friedman, Prudential Building, Buffalo, N. Y. Assignee and address, William Prickett, No. 812 Delaware Trust Building, Wilmington, Del.; date of execution not known; amount, $900; attorney and address, represents self (this assignment is for services rendered to Dutcher in Delaware. We have no copy of the assignment, but do know that it is the last assignment given by Dutcher).

In addition, I find that William J. Magee executed and delivered to C. A. Lippincott & Bros., Inc., a written assignment dated January 20, 1933, in the sum of $1,662.72 out of any moneys due to said Magee under the assignment received by him from Lloyds Casualty Company on April 15, 1932. At the same time a similar assignment was given to Credit Utility Company, Inc., in the sum of $1,800 by said William J. Magee. The effect of these two assignments will be discussed later.

The interest of George W. Whitehead is now vested, by assignment, in Sigmund Klinger, the plaintiff in this action. The provisions of the present Lien Law (section 25), holding that all liens are on an equal basis irrespective of when the claims or assignments were filed, have no application. In the first place, section 25 was amended to go into effect after the date of the filing of Dutcher's lien against the Ursitti contract. The Lien Law at that time provided for priority of liens. The real reason, however, that there must be priority of claims based upon the date of the various assignments is that there is a fund which is completely disassociated from the lien filed by Dutcher. The fund must be distributed in the order in which the assignments were executed by Dutcher. The principles of common-law assignments apply. (*Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330; *Niles* v. *Mathusa*, 162 id. 546; *Fortunato* v. *Patten*, 147 id. 277.)

The validity of the claim of Magee under his assignment is seriously questioned. The source of his claim is through a written assignment from Dutcher on March 13, 1931, to Lloyds Casualty Company, who in turn assigned to him. He also claims an oral assignment on two different occasions of a total of $5,000 from one Cryer. All told, he claims $11,000 in assignments.

I find that the claim of Lloyds Casualty Company against Dutcher on April 6, 1932, had been reduced to approximately $6,000 by virtue of payments made by Dutcher to Lloyds. By a writing executed on April 6, 1932, by Lloyds Casualty Company, William J. Magee and R. C. Dutcher, Lloyds agreed to settle the balance of its claim for $4,350, and upon payment thereof to release Dutcher, his

wife and Magee of any further claim. To secure this payment, Magee gave as collateral security his note for $3,850. In addition, I find that Dutcher's attorney, Mr. Prickett, at this time paid $500 by check for Dutcher, making the total of $4,350. (See plaintiff's Exhibit 9.) There is no proof which may be accepted and which shows that Magee and his partner Cryer had any other interest except that of a bonding institution or agency making money out of bonds written for Dutcher. It may be that in order to get and keep Dutcher as the client of their office they did advise and sometimes went on accommodation paper for him, but that is the sole basis of their claims in this action as far as the credible evidence testimony is concerned. Subsequently it appears that certain mules belonging to Dutcher were sold and the net proceeds of $3,166.13 were delivered to Lloyds in reduction of the indebtedness of Dutcher to Lloyds, and that this reduced Magee's liability to Lloyds proportionately on his accommodation note to Lloyds.

On April 15, 1932, Magee, by his check, paid Lloyds Casualty Company the sum of $683.87, being the balance due Lloyds on its claim against Dutcher for $4,350, according to the agreement of April 6, 1932. At this time Lloyds delivered to W. J. Magee the assignment which is in dispute. There is no doubt in my mind that the sum of $683.87 represents the only consideration paid by Magee for this assignment from Lloyds. The sum of $683.87 plus accrued interest is the extent to which Magee's assignment is good as against the other assignees herein. He certainly did not pay any moneys prior to April 6, 1932, in reduction of Dutcher's indebtedness to Lloyds. The documentary proof and the testimony in the case clearly satisfy me that Dutcher owned the mules, which were sold. The proceeds of the sale represented Dutcher's money paid to Lloyds. The court cannot accept the testimony of Mr. Cryer with regard to oral assignments or in respect to the ownership of the mules. I find that the alleged oral assignments in July and September are not supported by the necessary proof.

" The transfer must be of such a character that the fund-holder can safely pay, and is compellable to do so, though forbidden by the assignor." (*Christmas* v. *Russell*, 14 Wall. 69, 84; cited with approval in *Netling* v. *Netling*, 60 App. Div. 409.) Why Cryer would rely upon oral assignments is too strange to be believable. He was friendly with Dutcher. If assignments were to be given as contended, it would have been a simple matter to obtain written assignments and not have to rely on the vague oral assertions.

Magee only succeeded to the rights of Lloyds Casualty Company at the time of the assignment of April 15, 1932, to him by Lloyds. (*Bush* v. *Lathrop*, 22 N. Y. 535; *Liebowitz* v. *Arrow Roofing Co.*,

*Inc.,* 259 id. 391.) In *Conlon* v. *Minor* (94 App. Div. 458, 462) the court states: " It is clear that Gorman did not purchase the mortgage of the mortgagee. His check at most was loaned to the mortgagor for the purpose of being used to pay off the mortgage. This would continue the lien of the mortgage as security for the amount of the check, but in so far as the assignment was taken as security for other indebtedness, the lien of the mortgage would become subordinated to that of the plaintiff." (*Champney* v. *Coope,* 32 N. Y. 543; *Harbeck* v. *Vanderbilt,* 20 id. 395.)

The effect of the assignment to Magee must be limited to $683.87 and interest, since all he advanced was that sum.

The claim of Standard Oil Company of New York for $3,971.71 was satisfactorily proven, and by virtue of its assignment dated November 6, 1931, is entitled to payment in full, together with accrued interest. The next claim in order of priority is that of George W. Whitehead by assignment dated December 19, 1931, and since assigned to the plaintiff. This claim for $6,495 was clearly established and is entitled to payment in full, together with accrued interest.

The next two claims in order of time are those in favor of Credit Utility Company for $3,600 and interest and Austin-Western Road Machinery Company for $600 and interest. Both assignments are dated March 15, 1932. By stipulation in the record, these two claimants share equally to the extent of the debt due them from Dutcher, as set forth in this paragraph.

With these payments the fund of $15,225.60 is disposed of. The other claimants by assignments must be denied relief accordingly, except as to C. A. Lippincott & Bros., Inc.

The sum of $683.87 and interest, found by me to be the extent of the validity of the claim of W. J. Magee, is not to be paid to him, however. Instead it is to be paid to C. A. Lippincott & Bros., Inc., and Credit Utility Company, Inc., in the proportions of their respective claims against Dutcher by virtue of assignments in writing made and delivered by W. J. Magee. There is no merit to the contention of Ernest Carnes, as receiver in supplementary proceedings in the action brought by Michael Dailey, one of the assignees, against Dutcher. The judgment was obtained on May 18, 1932. Such a receiver has no greater rights than the creditor himself as against other creditors, who in this case are assignees. (*Gilroy* v. *Everson-Hickok Co.,* 118 App. Div. 733; affd., 190 N. Y. 551.) Whatever has been legally and properly assigned prior to the appointment of such receiver cannot be questioned by him, and his title to property is confined strictly to that owned by the judgment debtor at the time of his appointment. (*Stephens* v. *Meriden*

*Britannia Co.*, 160 N. Y. 178.) Nor can the receiver obtain any relief by the present provisions of section 16 of the Lien Law because they are not applicable to the present situation for the reasons set forth previously in this opinion.

There should be no marshaling of assets in this case. Such a proceeding is always in the discretion or benevolence of the court. To grant it in this case would be tantamount to an abuse of the court's powers. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266.) Where, as in this case, the property is in two jurisdictions, there may be no marshaling of assets. (*Lewis* v. *United States*, 92 U. S. 618; 23 L. Ed. 513; *Herriman* v. *Skillman*, 33 Barb. 378.) Moreover, the property in Delaware is of doubtful worth, and, therefore, the court should not invoke this doctrine to the possible detriment of the plaintiff. (*Farmers' Loan & Trust Co.* v. *Kip, supra*.)

An additional allowance in the sum of $150 is allowed to plaintiff out of the fund. No other allowance is made, as the fund is insufficient to pay all claimants. No allowance is made to Andros, Wood, Stutz & Rider, attorneys, as holders of the fund. As attorneys and officers of the court, they must endure inconveniences for which sometimes they cannot be compensated. In any event they could have relieved themselves by interpleader. The motions upon which decision was reserved on the trial are disposed of in accordance with this opinion.

Submit findings of fact and conclusions of law and judgment accordingly on notice.