## In re CONOLEY.

District Court, S. D. New York.

Oct. 16, 1942.

Friend & Reiskind, of New York City, for bankrupt.

Morton Roth, of New York City, for trustee.

CONGER, District Judge.

Review of an order of a referee in bankruptcy.

Petitioners are lawyers. There is in the possession of the trustee herein a fund of $12,000, which he collected after litigation, for services rendered by the bankrupt. Petitioners claim an equitable lien upon a portion of this fund by reason of an oral agreement with the bankrupt which petitioners claim gave them an assignment of part of the proceeds to be received by bankrupt for his services.

The referee has found against the petitioners. A review of the authorities has convinced me that his finding is correct.

There is no need to go into the facts in detail. There is no question that petitioners did render services to the bankrupt. It is undisputed that the bankrupt did make certain promises to petitioners about payment.

The law is well settled; the trouble is in the application.

As I see it, all I can spell out is that the bankrupt was promising petitioners to pay them well, as he said among other things: "You did a good job and I appreciate it and I will take care of you. * * * You are going to get your share of it. Your part is going to be a material part. I am not going to be niggardly with you; I am going in all respects to be reasonably fair and decent."

A promise to pay and pay well out of the moneys when he received them; this does not amount to an equitable assignment of part of the fund. The language is not definite enough to constitute an assignment. I cannot spell out any intention to assign to petitioners a lien upon any sum recovered by the bankrupt, but on the other hand an agreement alone to pay out of the sum recovered. This is not sufficient to create a lien or an equitable assignment.

The settled law of this state is that an agreement to pay a debt out of a designated fund does not give an equitable lien upon the fund or operate as an equitable assignment thereof. Williams v. Ingersoll, 89 N.Y. 508. To constitute an equitable assignment herein bankrupt must have given to petitioners a title; an immediate equitable interest in the subject. Whether the transaction amounts to an equitable assignment is largely a matter of intention. See Holmes v. Evans, 129 N.Y. 140, 29 N.E. 233. From the acts and conduct of the parties herein, I can find no such intention.

Will the transaction under review pass the test laid down in Hinkle Iron Co. v. Kohn, 229 N.Y. 179, 128 N.E. 113, 114? "The test of an equitable assignment is the inquiry whether or not an assignment makes an appropriation of the fund, so that the debtor would be justified in paying the debt or the assigned part to the person claiming to be the assignee." I think not.

I agree with the referee that petitioners herein by reason of the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., may not maintain their claimed lien herein against the trustee. Rockmore v. Lehman, 2 Cir., 128 F.2d 564; In re Modell, 2 Cir., 71 F.2d 148.

The order of the referee is sustained and the petition dismissed.

Settle order on notice.