## CABELL, v. MARKHAM et al.

District Court, S. D. New York.

Dec. 9, 1946.

Hartwell Cabell, pro se.

John F. X. McGohey, U. S. Atty., of New York City (David McKibbin, Asst. U. S. Atty., of New York City, of counsel), for defendants.

COXE, District Judge.

This is a motion by the defendants to dismiss the amended complaint for lack of jurisdiction over the subject of the action. The motion is made on the pleadings after answer.

The action is brought under §§ 9(a) and 9(e) of the Trading with the Enemy Act, as amended, 50 U.S.C.A.Appendix, §§ 9(a) and 9(e) to recover the sum of $6,922.02 for legal services, including disbursements, alleged to have been rendered subsequent to 1935 to the United States branch of an Italian insurance company, whose United States assets have been taken over by the Alien Property Custodian.

The sufficiency of the amended complaint was heretofore challenged by the defendants on a motion to dismiss on the ground that the claim was not in existence before October 6, 1917, and had not been filed before the date of enactment of the Settlement of War Claims Act of 1928, 45 Stat. 254, as required by section 9-e of the Trading with the Enemy Act as amended. The District Court granted the motion and dismissed the amended complaint, but on appeal to the Circuit of Appeals the judgment was reversed, Cabell v. Markham, 2 Cir.,

148 F.2d 737, and the reversal was thereafter affirmed by the Supreme Court. Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. ——.

The Trading with the Enemy Act, as amended, was further amended by Public Law 671, 79th Congress, approved August 8, 1946, by adding various new sections. Section 34 provides generally for the equitable application of all property seized by the Custodian to the payment of debts owed by the person whose property was seized, the filing of debt claims with the Custodian, and a review by an aggrieved debt claimant in the U. S. District Court for the District of Columbia. Subsection (i) of this section reads in part as follows: "The sole relief and remedy available to any person seeking satisfaction of a debt claim out of any property or interest which shall have been vested in * * * the Alien Property Custodian * * * shall be the relief and remedy provided in this section, and suits for the satisfaction of debt claims shall not be instituted, prosecuted, or further maintained except in conformity with this section".

It is the contention of the defendants that the plaintiff's claim is merely a "debt claim", for the satisfaction of which Public Law 671 provides an exclusive administrative remedy. The plaintiff, on the other hand, insists that his claim is not a "debt claim" but a claim for a property interest in the fund taken over by the Custodian by virtue of an equitable assignment from the Italian company.

The pertinent allegations of the amended complaint are as follows:

The plaintiff is a citizen of the United States and a practising lawyer in New York; he was senior member of the law firm of Cabell & Cabell until the latter part of 1942, when the firm was dissolved, and he then became the sole owner of the present claim.

In 1935, the Italian company established a branch office in the United States, with its principal office in New York City, and Cabell & Cabell became the general counsel for the company in connection with its American business on an annual retainer of $5,000. This arrangement continued until April 30, 1941, when it was agreed that the retainer should be discontinued, and the services thereafter rendered charged and paid for from time to time. This practice of billing for services periodically continued for a short time, but it soon became evident that further operation of the United States branch could not be maintained, and an agreement was reached with Dr. Ignazio Hornik, the manager of the United States branch, that the plaintiff's firm should be presently paid an agreed fee of $5,000, together with $1,000 for anticipated disbursements for future services rendered in the defense of cases against the Italian company.

While Dr. Hornik was trying to obtain the formal approval of the home office of the company to these amounts, as well as charges for services already rendered, the New York Superintendent of Insurance, upon a voluntary petition for liquidation, took over all the assets of the United States branch on July 25, 1941.

The plaintiff's firm thereafter filed a claim with the New York liquidator for services and disbursements in the amount of $21,848.89, wich sum included the $5,000 agreed upon for future services and the $1,000 for estimated disbursements. The claim as filed contained the following endorsement:

"The above claim for services and disbursements by Cabell & Cabell, has been submitted to the Home Office of Assicurazioni and has been approved.
(Signed)
Assicurazioni Generali by
Dr. Ignazio Hornik".

The New York liquidator disallowed the claim as filed to the extent of $7,000, which disallowance included the $5,000 for future services, the $1,000 for estimated disbursements, and a further sum of $1,000 for services rendered prior to the liquidation. The ground of the disallowance was that the three items were not for the benefit of the United States branch but for the home office of the company, and were, therefore, not properly chargeable against the assets of the United States branch. The actual

disbursements incurred amounted to $922.02, and the estimated amount of $1,000 should accordingly be reduced to that amount.

On October 7, 1942, and December 9, 1942, the Alien Property Custodian, by vesting orders, vested in himself the funds and properties in this country of the Italian company, and these funds and properties have been delivered to the Custodian, and are ample in amount to satisfy the plaintiff's claim. Verified notices of the plaintiff's claim were filed with the Custodian on January 19, 1943, and May 1, 1944.

Under the language of the amended complaint, the plaintiff's claim is merely a "debt claim", which clearly falls within the above-quoted provision of Public Law 671; the allegations in no way support, or even suggest, a property claim based on an equitable assignment from the Italian company. The law is perfectly clear that an agreement, either by parol or in writing, to pay a debt out of a designated fund does not give an equitable lien upon the fund, or operate as an equitable assignment thereof, Williams v. Ingersoll, 89 N.Y. 508, 518; James v. Alderton Dock Yards, 256 N.Y. 298, 303, 176 N.E. 401, 403; Christmas v. Russell's Exrs., 14 Wall. 69, 81 U.S. 69, 20 L.Ed. 762; East Side Packing Co. v. Fahy Market, 2 Cir., 24 F.2d 644. Whether a transaction amounts to an equitable assignment depends largely on the intention, Holmes v. Evans, 129 N.Y. 140, 29 N.E. 233, and "The test of an equitable assignment is the inquiry whether or not an assignment makes an appropriation of the fund, so that the debtor would be justified in paying the debt or the assigned part to the person claiming to be the assignee". Hinkle Iron Co. v. Kohn, 229 N.Y. 179, 183, 128 N.E. 113, 114. Here, there are no allegations of any appropriation of any fund to meet the plaintiff's bill for services and disbursements, and the endorsement of the Italian company on the claim filed with the New York liquidator did not set aside a particular fund nor direct payment in such a way that the liquidator would have been justified in paying the claim on the basis of an equitable assignment. The only effect of the endorsement was to make the plaintiff's bill an approved one, to be taken into account by the liquidator in making any distribution to creditors. It is to be noted, also, in this connection that the Circuit Court of Appeals in considering the present amended complaint treated the plaintiff merely as a "creditor" (2 Cir., 148 F.2d 737, 738); and the Supreme Court referred to the claim as a "claim for legal services" and a "debt". 326 U.S. 404, 406, 66 S.Ct. 193, 194, 90 L.Ed. ——. It follows that the plaintiff is merely seeking satisfaction of a "debt claim" for which the sole relief and remedy is under the administrative procedure of Public Law 671.

The motion of the defendants to dismiss the amended complaint for lack of jurisdiction over the subject matter of the action is accordingly granted.